United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 04-60955

(Summary Calendar)

————————

JOHN TELLO; ET AL,

                              Petitioners,

JOHN TELLO

                              Petitioner - Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

                              Respondent - Appellee.

Appeal from a Decision of the
United States Tax Court
No. 19480-02

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

—————————

        [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

John Tello, *pro se*, appeals the decision of the United States Tax Court. The Tax Court dismissed Tello's petition for failure to prosecute and sanctioned him under Internal Revenue Code § 6673 in the amount of $2,500 for advancing frivolous positions and instituting and maintaining the proceeding primarily for delay. We review both dismissals for failure to prosecute and the imposition of sanctions under I.R.C. § 6673 for abuse of discretion. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Sandvall v. Commissioner*, 898 F.2d 455, 459 (5th Cir. 1990).

"We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry*, 975 F.2d at 1191. We generally will affirm a dismissal only if we find at least one of three aggravating factors: (1) delay caused by the plaintiff himself; (2) actual prejudice to the defendant; or (3) delay as a result of the intentional conduct. *Id.*

The record shows that Tello failed to appear at the calender call and recall of his case; failed to cooperate with the Commissioner in preparing a stipulation of facts (including refusing to stipulate to his birth date); refused to address the merits of his case; ignored warnings to stop making frivolous arguments; and simply wasted the time and resources of the Tax Court and of the Commissioner. Tello ignored numerous threats of sanctions, including of dismissal, by the Tax Court. Tello also makes several arguments on appeal similar to those that he raised below. We agree with the Tax Court that "without exception, the arguments that [Tello] makes are arguments that this Court and other courts have found to be frivolous" and that he was "instituting or maintaining this proceeding primarily, if not exclusively, as a protest against the Federal income tax system and his proceedings

in this Court is merely a continuation of [Tello's] refusal to acknowledge and satisfy his tax obligations." Tello's *pro se* status does not excuse his actions. *See Parker v. Commissioner*, 117 F.3d 785, 787 (5th Cir. 1997). Furthermore, the Tax Court did not abuse its discretions in sanctioning Tello in the amount of $2,500 under I.R.C. § 6673(a), which allows sanctions whenever a taxpayer institutes or maintains a proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. We therefore AFFIRM the judgment of the Tax Court.

The Commissioner also moves to sanction Tello $6,000 for maintaining a frivolous appeal so that the government can be compensated for the costs of defending the appeal. A party who continues to advance long-defunct arguments invites sanctions. *Longsdale v. Commissioner*, 661 F.2d 71, 72 (5th Cir. 1981). We GRANT the Commissioner's motion for sanctions of $6,000 for pursuing a frivolous appeal, pursuant to 26 U.S.C. § 7482(c)(4) and FED. R. APP. P.38. *See Parker*, 117 F.3d at 787 (approving the practice of imposing a lump sum sanction in lieu of costs because it "saves the government the additional cost of calculating its expenses, and also saves the court the time and expense of reviewing the submission of costs").