United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-20555
Summary Calendar

_____

JOSEPH C. ORDUNA,

Plaintiff-Appellant,

VERSUS

THE TEXAS COMMISSION ON ALCOHOL AND DRUG ABUSE
AND
JIM MCDADE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
m 4:01-CV-1474

_____

Before SMITH, WIENER, and OWEN,
   Circuit Judges.

PER CURIAM:[*]

The district court dismissed Joseph Orduna's case against the Texas Commission on Alcohol and Drug Abuse ("TCADA") and Jim McDade for lack of prosecution under Federal Rule of Civil Procedure 41(b). We affirm.

I.

Orduna sued the State of Texas and TCADA in April 2000. He amended his petition in March 2001 and May 2001, nonsuiting the state and adding McDade, Golden Leadership Academy, and Richard Johnson as defendants.

The matter was removed to federal court, and Orduna obtained leave to depose McDade and conduct limited discovery, but he took no action pursuant to that permission. He obtained a default judgment against Golden Leadership Academy and Johnson in March 2002, and the court entered final judgment as to them.

In September 2002, the district clerk's office accidentally closed the case as to all defendants, including TCADA and McDade. Orduna took no action for three years[1] until the district court, in January 2006, noticed the case had been mistakenly closed and asked Orduna whether he intended to pursue claims against TCADA and McDade. After a hearing, Orduna filed a motion to re-open against TCADA and McDade, and the court granted the motion.

TCADA and McDade then moved for dismissal under rule 41(b)[2] for failing to prosecute. The court granted the motion, finding that Orduna's inactionSSnot the clerk's errorSShad caused the delay, because (1) Orduna should have known it did not take three years for the court to set a trial date; (2) the clerk's error of closing the case was a matter of public record; and (3) Orduna had not conducted any discovery or filed any pleadings. Further, the court found that Orduna's inaction had hampered the discovery process in such a way that would prejudice TCADA and McDade.[3]

II.

We review for abuse of discretion a dismissal for lack of prosecution. *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir.), *cert. denied*, 126 S. Ct. 381 (2005). The standard to evaluate dismissals for lack of prosecution

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Orduna claims he was delaying because he was waiting for the court to set a trial date.

[2] That rule states:

   For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

[3] After TCADA and McDade were added to the suit, the legislature dissolved TCADA, and McDade has retired.

is plain:

> Dismissals with prejudice for failure to prosecute are proper only where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct.

*Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir.) (per curiam), *cert. denied*, 126 S. Ct. 2900 (2006) (internal citations omitted).

Orduna took no action for four and a half years.[4] To conduct discovery or file pleadings, he did not need the court to set a trial date, so he caused the delay. Also, TCADA would suffer "actual prejudice," because it no longer exists as an entity. The district court had discretion to dismiss Orduna's claims, and based on the guiding standard, it did not abuse that discretion.

The judgment of dismissal is AFFIRMED.

---

[4] Prolonged inactivity is sufficient to warrant dismissal in this case. *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam) ("In light of the significant inactivity of the plaintiff, we cannot say the district court abused its discretion in dismissing the complaint.").