IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-60665
Summary Calendar

H. LYNDON TAYLOR and BARBARA L. TAYLOR,

Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent.

Appeal from the Decision of the
United States Tax Court
No. 13834-06

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants H. Lyndon Taylor and Barbara L. Taylor ("the Taylors"), pro se, appeal the Tax Court's dismissal of their petition for failure to prosecute. For the following reasons, we AFFIRM.

On April 24, 2006, the Commissioner of the Internal Revenue issued a notice of deficiency to the Taylors, indicating a federal income tax deficiency of $2,358 for the 2003 tax year. The Taylors filed a timely petition on the Tax

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court contesting the notice of deficiency and seeking a redetermination of the asserted deficiency. In the same petition, the Taylors also sought a tax refund in the amount of $20,570 and sanctions against the Commissioner, as well as other relief.

The Taylors did not appear, in person or through counsel, at the trial held before the Tax Court on June 11, 2007. During that trial, the Commissioner conceded that the Taylors were not liable for the deficiency and moved to dismiss the additional claims in the Taylors' petition for failure to prosecute. The Tax Court noted during the trial that the Taylors' filings were "outrageous" and in a decision dated June 20, 2007, the court held that the Taylors had no deficiency for the 2003 tax year, nor had they overpaid that year. The court then dismissed the Taylors' remaining claims for lack of prosecution. Thereafter, the Taylors filed several post-trial motions, including a motion for new trial, a motion for sanctions against the Commissioner, a motion to vacate or revise the decision, a motion for reconsideration, and a motion to strike Tax Court Rule 160. The Tax Court denied each of the motions. The Taylors timely appealed.

We review the Tax Court's dismissal for failure to prosecute for abuse of discretion. Stearman v. C.I.R., 436 F.3d 533, 535 (5th Cir. 2006) (citation omitted). The Tax Court may dismiss a case at any time for failure of a petitioner to properly prosecute his case. TAX CT. R. 123(b). Moreover, "[f]ailure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by such party's adversary, may be ground for dismissal or for determination of the affected issue against that party." TAX CT. R. 149(b).

The record shows that the Tax Court issued a notice to the Taylors setting their case for trial on June 11, 2007. The notice stated explicitly: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." The record also shows that the

Taylors failed to appear at the trial and have offered no reason for this absence. This reason alone is sufficient to uphold the Tax Court's judgment. However, it should also be noted that we agree with the Tax Court that, with the exception of their claim that they did not owe a deficiency, the Taylors' filings in the Tax Court consisted of only "outrageous and preposterous documents." See Parker v. C.I.R, 117 F.3d 785, 787 (5th Cir. 1997)("Although some latitude may be afforded to pro se taxpayers who misunderstand the nature of the tax laws, pro se status is not a license to litter the dockets of the federal courts with ridiculous allegations . . . ."). Moreover, to the extent that any of their claims are cognizable, the record reveals that Taylors have failed to submit any meaningful evidence to the Tax Court in support of their claims.

Based on this record, we cannot conclude that the Tax Court abused its discretion in dismissing this case for failure to prosecute. We therefore AFFIRM the judgment of the Tax Court.