IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-60346
Summary Calendar

BILLY FRANKLIN

Petitioner–Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent–Appellee

Appeal from a Decision
of the United States Tax Court
No. 16141-06L

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner-appellant Billy Franklin appeals the Order of Dismissal and Decision of the United States Tax Court. For the following reasons, we AFFIRM.

I. FACTUAL AND PROCEDURAL BACKGROUND

Franklin did not file an income tax return for tax year 2001. On June 13, 2005, the Commissioner of the Internal Revenue Service (the "Commissioner") assessed against Franklin a deficiency of $24,014, plus interest and penalties.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On December 26, 2005, after Franklin failed to pay the amount, the Internal Revenue Service (the "IRS") sent him a notice of intent to levy and a notice of his right to a "collection-due-process" ("CDP") hearing. Franklin timely requested such a hearing, specifying only that he wanted to address the issue of whether "the IRS follows proper procedure."

From March to June 2006, the IRS's Office of Appeals ("Appeals") in Memphis, Tennessee sent multiple letters to Franklin in order to initiate his CDP hearing. The first letter to Franklin named the officer assigned to the case, explained the basic appeals procedure, and referred him to the IRS website for more information. Appeals also sent Franklin a CDP "document request form" with a list of relevant documents that he was required to submit. Another letter scheduled a telephone conference for July 26, 2006, and stated that, in order to have a face-to-face conference, Franklin must provide "relevant, non-frivolous issues in writing" or by phone within 14 days. In his response on July 21, 2006, Franklin stated that he did not want a telephone hearing and that it was his right to have a face-to-face hearing.

On July 14, 2006, Appeals issued a notice of determination that sustained the proposed levy. Appeals verified that the IRS had met all legal and administrative procedural requirements in assessing the deficiency. Appeals also noted both that Franklin had not asserted any non-frivolous arguments warranting a face-to-face CDP hearing and that Franklin had failed to submit the requested tax returns and forms. Franklin timely petitioned the Tax Court for review of Appeals's notice of determination.

During the months leading up to the Tax Court trial, Daniel Price, counsel for the Commissioner, twice attempted to contact Franklin. First, Price sent Franklin a summary of third party reports that formed the basis of the IRS's computation of his income. Second, Price sent Franklin a letter suggesting that the two speak on the telephone to discuss settlement, a stipulation of facts, and

Franklin's essentially "canned" communications.[1]  Price also included a request for specific documents, such as records of income and expenses for 2001.  In a written response to these letters, Franklin refused to participate in a telephone conference, objected to the description of his communications as "canned," and failed to submit any of the requested documents.

On May 2, 2007, once the Tax Court set the date for trial, it sent notice to Franklin and warned, "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."  The notice also included the warning that "FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."  In the accompanying pretrial order, the court ordered that "all facts shall be stipulated to the maximum extent possible" and that "each party shall submit [a] Pretrial Memorandum directly to the [judge] and opposing party not less than 14 days before the first day of the trial session."[2]  On May 24, 2007, in response to the Commissioner's request, the court ordered Franklin to produce any documents "in his possession, custody, <u>or</u> control" that were responsive to the Commissioner's earlier request for documents.  Franklin never produced such documents, but did file a late motion to vacate the court's order without explaining his objections, the lateness of the motion, or his failure to comply with the order.  Likewise, after the Commissioner sent a proposed stipulation of facts, Franklin responded by saying that he would not stipulate any facts "unless they were part of the [CDP]."  He also never responded to a subsequent court order to show cause why the facts and evidence in the proposed stipulation should not

---

[1] In his letter, Price wrote that he had "discovered other Tax Court collection due process cases with basically identical correspondence and court filings." Price warned that following those who advocate "senseless and illegitimate legal theories" could ultimately result in monetary sanctions under Internal Revenue Code § 6673.

[2] After the trial date was rescheduled, Franklin received the same warnings and orders.

be deemed admitted. On August 1, 2007, the court ordered that the Commissioner's stipulated facts were established.[3]

On January 22, 2008, Franklin did not appear at his trial in the Tax Court. One week later, the Tax Court dismissed the case for lack of prosecution and ordered that the Commissioner may proceed with the collection action. Franklin filed a timely motion to vacate, which the court subsequently denied.

On April 4, 2008, Franklin filed his notice of appeal.

## II. STANDARD OF REVIEW

This court reviews a dismissal for failure to prosecute for abuse of discretion. Stearman v. Comm'r, 436 F.3d 533, 535 (5th Cir. 2006); Tello v. Comm'r, 410 F.3d 743, 744 (5th Cir. 2005).

## III. DISCUSSION

This court will affirm a dismissal for failure to prosecute if (1) there is "a clear record of delay or contumacious conduct by the plaintiff" and (2) either the lower court expressly determined that lesser sanctions "would not prompt diligent prosecution" or the court "employed lesser sanctions that proved to be futile." Stearman, 436 F.3d at 535; see also Tello, 410 F.3d at 744. A clear record of delay or contumacious conduct is found if any of three aggravating factors is present: (1) the plaintiff causes delay, (2) there is actual prejudice to the defendant, or (3) the plaintiff's intentional conduct results in delay. Stearman, 436 F.3d at 535; Tello, 410 F.3d at 744. In Stearman, we noted that such factors may be present when plaintiff's actions include: "(1) failure to appear at the calendar call and recall of his case; (2) failure to cooperate with the Commissioner in preparing a stipulation of facts; (3) refusal to address the merits of the case; (4) wilful ignorance of warnings to stop making frivolous

---

[3] In its order, the court warned that a lack of response or evasive response from Franklin would mean that the relevant "matter or portion thereof" would be "stipulated for purposes of the present case."

arguments; and (5) wasting the time and resources of the Tax Court." 436 F.3d at 535 (citing Tello, 410 F.3d at 744). Lesser sanctions are futile when, despite a judge's explicit warnings, a plaintiff neither cooperates nor appears at trial. Id. at 537 (citing Rogers v. Kroger Co., 669 F.2d 317, 323 (5th Cir. 1982)).

In the present case, there is a clear record of Franklin's delay and contumacious conduct. Franklin failed to appear at the Tax Court trial in January 2008. He failed to cooperate with the Commissioner when he refused to prepare the stipulation of facts and withheld the necessary documents that the Commissioner explicitly requested and that the Tax Court subsequently ordered. Franklin also did not file the pretrial memorandum that the pretrial orders required. Additionally, lesser sanctions were futile because Franklin neither cooperated nor appeared at trial despite explicit warnings from the Tax Court.

Furthermore, pro se litigants must obey discovery orders. Morton v. Harris, 628 F.2d 438, 440 (5th Cir. 1980); see also Parker v. Comm'r, 117 F.3d 785, 787 (5th Cir. 1997) ("[P]ro se status is not a license to litter the dockets of the federal courts with ridiculous allegations that the Internal Revenue Code is the product of an illegal conspiracy."). Thus, Franklin's status as a pro se litigant does not absolve him from his clear duties to obey the Tax Court's orders.

Though we need not go any further to determine whether there was abuse of discretion in the Tax Court, we will briefly address Franklin's arguments. Franklin's primary argument is that the Tax Court conducted a trial de novo, thus violating the ruling of the Eighth Circuit in Robinette v. Commissioner, 439 F.3d 455, 459 (8th Cir. 2006) (noting that judicial review of administrative proceedings is not a de novo proceeding and is based only on the administrative record (citing United States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963))).

However, the Tax Court never conducted a trial. It merely dismissed Franklin's case for failure to prosecute because he failed to appear.

Finally, Franklin's argument that the IRS must conduct a face-to-face CDP hearing is without merit. The Treasury Regulations state that, "[i]f a taxpayer requests a CDP hearing . . . the CDP hearing will be held with Appeals." Treas. Reg. § 301.6330-1(d)(1). However, they also state that "[a] CDP hearing may, but is not required to, consist of a face-to-face meeting," Treas. Reg. § 301.6330-1(d)(2), Q&A D6 (emphasis added), and that only "a taxpayer who presents in the CDP hearing request relevant, non-frivolous reasons for disagreement with the proposed levy will ordinarily be offered an opportunity for a face-to-face conference," Treas. Reg. § 301.6330-1(d)(2), Q&A D7. Franklin, having never specified anything beyond the vague claim that the IRS did not "follow[] proper procedure," failed to present a relevant, non-frivolous reason for disagreement with the proposed levy.

Therefore, the Tax Court did not abuse its discretion when it dismissed Franklin's case for failure to prosecute.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the Tax Court's Order of Dismissal and Decision; costs shall be borne by Appellant.