# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-20381
Summary Calendar

SKYLER THOMAS RICE

Plaintiff-Appellant

v.

JOHN DOE 1; JOHN DOE 2; JOHN DOE 3

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-468

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Skyler Thomas Rice, federal prisoner # 38736-179, appeals, pro se, the district court's dismissal of his complaint arising under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Rice claims the district court erred in dismissing his complaint for want of prosecution because he made every reasonable effort to comply with the court's request to provide the names and addresses of the unidentified defendants. Rice asserts the court was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aware that he required the court's intervention to obtain the full names of the individuals named as defendants in the complaint.

FED. R. CIV. P. 41(b) provides that a district court may dismiss an action for failure to prosecute or for failure to comply with any court order. Such a dismissal is reviewed for abuse of discretion. See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996).

The district court dismissed Rice's complaint without prejudice. If the effect of a dismissal without prejudice prevents or arguably may prevent the plaintiff from again raising the dismissed claims because of the applicability of a statute of limitations, the dismissal may operate as a dismissal with prejudice. Id. at 880. According to Rice, the incident that forms the basis of his complaint occurred in May 2007; thus, the applicable Texas two-year statute of limitations has not run, and the dismissal will not operate as a dismissal with prejudice. See Cooper v. Brookshire, 70 F.3d 377, 380 n.20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

Along those lines, a dismissal with prejudice generally will not be affirmed, where, as here, the record does not reflect purposeful delay or contumacious conduct on the part of Rice prior to the district court's 12 April 2008 order (to better identify the defendants; Rice had earlier provided some identification). See Tello v. Comm'r., 410 F.3d 743, 744 (5th Cir. 2005). Nor does the record show "the district court employed sanctions that proved to be futile". Id. Finally, the district court did not expressly determine "that lesser sanctions would not prompt diligent prosecution". Id.

As noted, however, we will affirm a dismissal based on a plaintiff's failure to comply with a district court's order. See Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). Rice's failure to file a response to the district court's 12 April order directing Rice to further identify the defendants constituted such a failure. Moreover, Rice failed to explain his non-compliance in the FED. R. CIV. P. 60(b) motion invited by the district court. (Although Rice claims he has labored to

discover the names of the defendants, and the prison refuses to provide him the information, Rice failed to assert this claim specifically to the district court, and he failed to respond to the district court's orders.)

In sum, the district court did not abuse its discretion in dismissing Rice's complaint for failure to prosecute.  Id.

AFFIRMED.