**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-61046
Summary Calendar

LOUTO J BRAQUET, JR,

Petitioner-Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee

Appeal from the United States Tax Court
No. 13071-08

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Appellant Louto J. Braquet, Jr. purports to raise twenty-four issues for our review, including challenges to nine Tax Court rules, the authority of the Tax Court's chief judge to appoint special trial judges under 26 U.S.C. § 7443A, the resulting authority of the special trial judge, various clerical and administrative actions regarding his petition in Tax Court, and, finally, the Tax Court's dismissal of his petition disputing the Commissioner's notice of deficiency.

Braquet's numerous objections to Tax Court procedures are frivolous, and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provide no basis for relief. His challenge to the notice of deficiency, dismissed by the Tax Court, is premised upon long-discredited theories of law and "'shopworn arguments characteristic of tax-protestor rhetoric that [have] been universally rejected by this and other courts.'" *Stearman v. Comm'r*, 436 F.3d 533, 537 (5th Cir. 2006) (citation omitted). "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984). They manifestly do not. Accordingly, we affirm the Tax Court's order dismissing Braquet's petition.

We also deny Braquet's "Motion to Strike 28 U.S.C. §§ 711 and 956, FED. R. APP. P. 27(b), and 5th CIR. R. 27," which attempts to challenge this Court's administrative handling of his appeal. Braquet alleges no prejudice from the orders issued in this case, and raises no basis for relief, so his motion is denied.

Finally, we consider the Commissioner's motion for sanctions pursuant to 28 U.S.C. § 1912 and Rule 38 of the Federal Rules of Appellate Procedure. In his appeal and subsequent motion to strike, Braquet concedes that his theory of income tax avoidance has been repeatedly and completely rejected by this Court. *See, e.g., Stearman*, 436 F.3d at 537-38; *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). His remaining arguments, laced with invective directed at appellees, the Tax Court, and this Court, reflect a general contempt and defiance of the Court's authority and include a number of baseless accusations of criminal conduct. To countenance this abusive conduct and frivolous legal posture would be to invite Braquet and future litigants to repeat it. We have observed that "[w]asteful and dilatory appeals unjustifiably consume the limited resources of the judicial system: 'While judges, staff and support personnel have expended energy to dispose of this meritless appeal, justice has been delayed for truly deserving litigants.'" *Stearman*, 436 F.3d at 540 (quoting *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 539 (5th Cir. 1990)). We agree with the

Commissioner that a lump-sum sanction of $8,000, in lieu of calculating the costs and attorney's fees it incurred in responding to Braquet's appeal, is appropriate.

We AFFIRM the Tax Court's order dismissing Braquet's petition, DENY his motion to strike, and GRANT the Commissioner's motion for sanctions in the amount of $8,000 for persisting in this frivolous appeal.