# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

No. 09-60455
Summary Calendar

Charles R. Fulbruge III
Clerk

H. LYNDON TAYLOR; BARBARA L. TAYLOR

Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent - Appellee

Appeal from the United States Tax Court, Internal Revenue Service
No. 22094-08

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

H. Lyndon Taylor and Barbara L. Taylor ("the Taylors"), *pro se*, appeal the Tax Court's dismissal of their petition for failure to state a claim upon which relief could be granted. The Taylors also appeal the Tax Court's order establishing their tax deficiency for 2005 and 2006. The Commissioner of Internal Revenue ("the Commissioner") answers this appeal and further requests sanctions against the Taylors for maintaining a frivolous appeal, under 28 U.S.C. § 1912 and Rule 38 of the Federal Rules of Appellate Procedure. For

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the reasons that follow, we AFFIRM the tax court's orders and sanction the Taylors $16,000, double the amount sought by the Commissioner.

## I. FACTS

The Commissioner gave notice to the Taylors in June 2008 that they owed more than $240,000 in deficient federal income tax, as well as some $84,000 in penalties. The Taylors responded with a 332-page petition in the Tax Court, along with various attachments asserting the lack of any tax deficiencies on their part. The central allegation asserted repeatedly by the Taylors was that "[t]he 'federal income tax' scam functions only where there are fiduciaries, a/k/a 'taxpayers' . . . where there is no 'income', there is no 'income tax' . . . . Only a fiduciary has 'income' . . . . There is no fiduciary, here . . . . Hence, there is no 'income' . . . . Hence, no discussion of 'income tax' is relevant." Each page of the Taylors' pleadings, including the appeal with this court, includes the footer "EXPOSING THE SCAM: 'TAXPAYER MEANS FIDUCIARY'."

The above is only one example of a wide variety of arguments the Tax Court described as "frivolous and groundless."[1]

When Tax Court Chief Judge John O. Colvin ordered the Taylors to amend their petition to include "with specificity" the errors they alleged in the notices of deficiency, the Taylors filed a "response" to that order, declaring: "COLVIN's 'order' to amend not only makes him a party, which simultaneously negates his signature authority as a 'judge,' and not only perpetuates an illegal policy on its face, but also constitutes numerous crimes against us."

---

[1] Other arguments included that: 1) the Internal Revenue Service is not licensed to practice law or accounting; 2) the Commissioner's documents constituted fraud, and; 3) the Commissioner has no factual or legal basis for any collections activity at all.

On March 18, 2009, the Tax Court granted the Commissioner's motion to dismiss, but declined to impose sanctions under I.R.C. § 6673(a).[2] The Taylors appeal.

## II. STANDARD OF REVIEW

We review *de novo* the dismissal for failure to state a claim. *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006).

## III. ANALYSIS

The tax court was correct in its finding that the Taylors' original pleading failed to raise any justiciable issue. *Pro se* litigants are entitled to some additional latitude in pleading. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But no amount of latitude could allow a court to glean any justiciable issue from the rambling rhetoric and disjointed statements in the Taylors' pleadings. In a similar income tax case, we wrote that "[w]e perceive no need to refute these arguments with somber reasoning and copius citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Comm'r*, 737 F.2d 1417 (5th Cir. 1984). The Tax Court gave the Taylors ample opportunity to amend their pleading. They responded instead with more nonsense, accusations and frivolous arguments. We affirm the Tax Court's dismissal for failure to state a claim.

The Commissioner asks this court to sanction the Taylors for maintaining this frivolous appeal. Although we are generous in giving considerations to *pro se* taxpayers who misunderstand the nature of tax law, *pro se* status is not a license to litter the dockets of the federal courts with patently baseless suits.

---

[2] I.R.C. § 6673(a) permits Tax Court, at its discretion, to impose a penalty not exceeding $25,000, when the court finds the taxpayer's position is "frivolous and groundless," or instituted and maintained primarily for delay.

*Parker v. Comm'r*, 117 F.3d 785 (5th Cir. 1997). Rule 38 of the Federal Rules of Appellate Procedure authorizes an appellate court to impose sanctions against an appellant who prosecutes a "frivolous appeal."

A party who continues to advance long-rejected arguments invites sanctions. *Tello v. Comm'r*, 410 F.3d 743, 745 (5th Cir. 2005). Sanctions on *pro se* litigants are appropriate if they were warned that their claims are frivolous and they were aware of "ample legal authority holding squarely against them." *Stelly v. Comm'r*, 761 F.2d 1113, 1116 (5th Cir. 1985).

In its order dismissing the Taylors' petition, the Tax Court found the Taylors' arguments frivolous and groundless, and warned the Taylors that continuing to advance those arguments could invite sanctions.

The Taylors' appeal to this court is in substance a self-styled criminal indictment against Tax Court officers.[3] The Taylors identify themselves as part of a "group" of pro se's" who "know more about this than all of the 'tax court,' comm'r's legal staff, doj, and certain federal appellate courts." The Taylors are apparently aware that others have advanced the "taxpayer means fiduciary" argument.[4] The Taylors also acknowledge several times in their appellate brief that others who have advanced the same "taxpayer means fiduciary" have had petitions dismissed and been sanctioned.[5]

---

[3] The Taylors also accuse this court of aiding and abetting in crimes against taxpayers. We note that in 2006 the Taylors filed suit against officers of the Tax Court for "RICO-level criminal Record Tampering," and sought $10 million in damages. The suit was dismissed with prejudice. H. Lyndon Taylor and Barbara L. Taylor, No. 3:06-CV-2118B (N.D. Tex., August 14, 2007).

[4] In their appellate brief, the Taylors attach a copy of a district court pleading from *Braquet v. Comm'r*, 2009 U.S. App. LEXIS 13930 (5th Cir. 2009) in which the tax-protester made similar "taxpayer means fiduciary" arguments–with the same distinctive footer on each page as the Taylors' pleadings–and was sanctioned by this court for a frivolous appeal.

[5] "[Tax Court Chief Judge John O.] COLVIN has repeatedly 'ordered' amendment of the 'taxpayer' means 'fiduciary' petitions, including ours . . . [n]one of it has worked as a practical matter. I have never changed my mind or my position or my testimony about the

Indeed, this is not the first time the Taylors have been in this court. In 2008, this court affirmed a Tax Court order dismissing the Taylors' petition for failure to prosecute. *Taylor v. Comm'r*, 271 Fed. Appx. 414 (5th Cir. 2008). We agreed then with the Tax Court that the Taylors' filings consisted of "outrageous and preposterous documents." *Id.* at 416. That opinion should have put the Taylors on notice of the futility of their arguments.

The Taylors have been warned several times that their claims are frivolous, that legal authority is squarely against them and that similar claims have resulted in sanctions, yet the Taylors continue to insist on littering the dockets with their specious allegations of criminal conduct by court officials.

Because the Taylors were given clear notice of the frivolous nature of their argument and the scandalous allegations in their pleadings we double the sanction requested by the Commissioner to $16,000. The Taylors may be *pro se* petitioners, but even *pro se* petitioners are required to be respectful in judicial proceedings. *Stearman*, 436 F.3d at 540.[6] Wasteful and dilatory appeals unjustifiably consume the limited resources of the judicial system. *Id.* "The doors of this courthouse are of course open to good faith appeals . . . . But we can no longer tolerate abuse of the judicial process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes." *Id.* at 540.

A frivolous appeal is an appeal in which the result is obvious or the arguments of error are wholly without merit. *Buck v. United States*, 967 F.2d

---

understanding that 'taxpayer' means 'fiduciary'."

[6] In *Stearman*, we affirmed a $25,000 Tax Court sanction against a tax-protesting plaintiff, then sanctioned the plaintiff an additional $12,000 for calling the Tax Court a "kangaroo court" and describing the judge as "completely in the dark" and exhibiting "maniacal" conduct.

1060, 1062 (5th Cir. 1992). As in *Steadman*, rather than explaining why the Tax Court was in error, the Taylors restated their frivolous claims, then proceeded to insult the court.[7] *Steadman*, 436 F.3d at 539. The Taylors' did not prosecute this appeal in good faith, but instead sought to harass the collection of public revenues.

We therefore AFFIRM the order of the Tax Court, and grant the Commissioner's motion to impose sanctions against the Taylors for pursuing a frivolous appeal, which we set at $16,000.[8]

AFFIRMED. MOTION FOR SANCTIONS GRANTED.

---

[7] The insults include: (1) describing this court as a place where "RICO-level extortion is published policy, witnesses are tampered with and retaliated against, consent is compelled as a matter of course, and the judicial structure is altered by force"; (2) calling the Tax Court judges "criminally insane" and judges of this court "mental pygmies"; (3) and describing the Commissioner's motion to dismiss as "clinically insane, lawless, or both. WE ARE LAUGHING AT YOU! ALL OF YOU!"

[8] The Commissioner in his separate motion for sanctions writes that during 2004 and 2005 the average expense for attorney salaries and other costs incurred in a typical frivolous taxpayer appeal is more than $11,000. Thus, $16,000 is not more than the "double costs" allowed by Rule 38. In addition, the sanctions are "just damages" in that they would vindicate the integrity of the judicial proceeding and deter future misconduct. *See Stearman*, 436 F.3d at 540 n.18.