# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 30, 2012

Lyle W. Cayce
Clerk

No. 11-20417
Summary Calendar

JAY NOLAN RENOBATO,

Plaintiff-Appellant

v.

COMPASS BANK CORPORATION,

Defendant-Appellee

---

JAY NOLAN RENOBATO,

Plaintiff-Appellant

v.

COMPASS BANCSHARES INCORPORATED, formerly known as Compass Bank, also known as BBVA Compass,

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas
Nos. 4:07-cv-46 and 4:11-cv-111

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges,

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20417

Jay Renobato, *pro se*, appeals the judgment of the district court dismissing his complaint in one of the cases in this consolidated action for failure to prosecute. No. 4:11-cv-111.[1]  We AFFIRM.

I

In early 2006, Renobato purchased five Treasury bills (T-Bills) from the federal government that each had a thirteen-week maturity and a par value of $1,000.  When the T-Bills matured, the government transferred the matured corpus of the five bonds—$5,000—to Renobato's personal checking account at Compass.  However, Renobato believed that the matured T-Bills were worth $1,000,000 each and that Compass was responsible for the shortfall.

He filed suit in January 2007 against Compass in the district court, asserting a variety of causes of action aimed at recovering the $5,004,000 in damages he believed that Compass had caused him.  No. 4:07-cv-46.  Compass moved to compel arbitration of Renobato's claims pursuant to an arbitration clause contained in the deposit account agreement governing his account.  The district court granted Compass's motion to compel arbitration and stayed the case pending the outcome of the arbitration.  Renobato filed two successive motions for reconsideration, which were both denied.

A year after the district court denied Renobato's second motion for reconsideration, Compass informed the district court that Renobato had failed to pursue arbitration of his claims.  In March 2010—over three years after the court's original order compelling arbitration—the district court dismissed the case without prejudice for failure to prosecute, noting that Renobato had failed to advise it of the progress of any arbitration.

---

[1] Renobato did not file a notice of appeal from the district court's order dismissing the other of the two consolidated cases.  No. 4:07-cv-46.

No. 11-20417

Renobato filed several post-dismissal motions, including a motion for reconsideration. In May 2010, the district court denied Renobato's motion for reconsideration without prejudice. The order further directed Renobato that he

> ha[d] twenty (20) days from the date of this Order to initiate arbitration pursuant to the enforceable arbitration agreement between the parties. As the Court understands it, Plaintiff must initiate his claim with the American Arbitration Association [AAA] or the National Arbitration Forum [NAF]. Once Plaintiff commences his claim, he may refile a motion for reconsideration with this Court, and the Court will decide whether to reopen and stay the case pending the outcome of the arbitration.

In June 2010, Renobato attempted to begin arbitration proceedings with the NAF, but the NAF rejected his claim, stating that it was bound by a consent judgment in an earlier case and could not accept consumer arbitration claims. Rather than pursuing arbitration with the AAA or advising the district court of its efforts to arbitrate with NAF, Renobato filed a second suit in the district court. No. 4:11-cv-111. The second suit was virtually identical to the first suit except that it involved five different T-Bills that had matured in 2009 and 2010 while the first suit was still pending. Again, Renobato alleged that the T-Bills were worth $1,000,000 when they matured and that Compass had somehow caused the funds not to be deposited in his account. The second suit was originally assigned to a different district judge in the Southern District of Texas, but, upon Compass's motion, the two suits were consolidated.

The district court notified the parties on April 4, 2011 that it would hold a status conference in the consolidated action on April 11. Renobato contends that he did not receive notice of the April 11 hearing, and he did not appear. Thereafter, the district court dismissed the second suit with prejudice

> because of 1) Plaintiff's refusal to arbitrate his disputes despite a controlling arbitration agreement and an order from this court to do so, 2) repeated filings of nearly identical pleadings in various

3

No. 11-20417

different state and federal courts, and 3) Plaintiff's failure to attend a court hearing of which he had notice.

After the district court denied Renobato's subsequent motion for reconsideration, this appeal followed.

II

On appeal, Renobato asserts that the district court abused its discretion by dismissing his second suit for failing to attend a court hearing. He contends that because he did not receive notice of the April 11 hearing until after it had already occurred, his failure to appear was (1) justified and (2) not motivated by intentional conduct. He also asserts that the district court violated his rights to due process by dismissing his complaint without notice and a hearing.

We review dismissals for failure to prosecute for an abuse of discretion. *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006) (per curiam). We affirm dismissals with prejudice for failures to prosecute only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (quoting *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005)). In general, "a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Id.* (citing *Tello*, 410 F.3d at 744).

We hold that the district court did not abuse its discretion by dismissing Renobato's claims with prejudice for failure to prosecute.

First, we conclude that Compass has established a clear record of Renobato's delay and contumacious conduct before the district court and that the delay was caused by Renobato's personal and intentional conduct. The district court gave Renobato three years to comply with its order compelling him to

arbitrate before it dismissed his first suit without prejudice. After Renobato filed a motion for reconsideration, the district court gave him another twenty days to initiate arbitration and re-file a motion for reconsideration of the court's dismissal order. But instead of complying with the district court's orders, Renobato attempted to circumvent the district court's order compelling arbitration by filing a virtually identical second lawsuit. Renobato then failed to appear at a status conference after the district court had consolidated the two cases. Based on this record, it is "evident that [Renobato] engaged in a pattern of delay and contumacious conduct before the [district court] and that the delay was caused by his personal and intentional conduct." *Id.* at 537; *see id.* ("Moreover, Stearman's frivolous arguments, . . . failure to cooperate and other dilatory practices wasted the Tax Court's resources. Because Stearman was *pro se*, he was also personally responsible for the delay.").

Second, the district court did not abuse its discretion by dismissing Renobato's claims with prejudice because the record shows that the district court employed lesser sanctions that proved to be futile. *Stearman*, 436 F.3d at 535. After staying Renobato's first suit pending arbitration, the district court gave him three years to initiate arbitration before it dismissed his suit without prejudice. Renobato moved for reconsideration of that order, and the district court then gave him additional time to arbitrate his claims and reopen his suit pending arbitration. But Renobato rejected this leniency by filing a second suit, which raised the same arbitrability arguments that the district court had already rejected. Given Renobato's repeated failures to institute arbitration proceedings under the agreement when the district court employed lesser sanctions, we conclude that the record establishes that the district court employed lesser sanctions that proved to be futile. *Id.*

Lastly, we reject Renobato's contention that the district court violated his rights to due process by dismissing his claims without notice or a hearing.

No. 11-20417

"[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id.* at 632. Given Renobato's long-standing failure to comply with the district court's orders, his attempt to re-litigate arbitrability issues that had already been decided against him, and his decision not to appear at the status hearing, the district court did not abuse its discretion in "dispens[ing] with the necessity for advance notice and hearing." *Id.* at 633; *see id.* ("Whether such an order [dismissing a complaint for failure to prosecute without notice and a hearing] can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion.").[2]

### III

We affirm the district court's judgment dismissing Renobato's claims with prejudice. Renobato's motion to strike Compass's brief is DENIED. His motion for sanctions to be imposed against Compass is also DENIED.

---

[2] *See also Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 123 F. App'x 481, 484 (3d Cir. 2005) ("Where, however, a party fails for many years to abide by a district court order to initiate arbitration proceedings, it is an issue for the district court, and not the non-existent arbitration panel. The authority to dismiss for lack of prosecution, both on a defendant's motion and *sua sponte*, is an inherent control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (citation omitted).