# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-60540
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2026

Lyle W. Cayce
Clerk

Bruce Edward Haddix; Rae Ann Haddix,

*Petitioners—Appellants*,

*versus*

Commissioner of Internal Revenue,

*Respondent—Appellee*.

---

Appeal from the Tax Court, Internal Revenue Service
Agency No. 6840-24

---

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

In April 2024, Bruce and Rae Haddix sought entitlement to $40,000 of claimed business expenses for their labor in representing themselves in a prior tax court proceeding, and they disputed a notice of deficiency issued for the 2020 taxable year. Their petition and pretrial filings, however, raised mostly allegations of misconduct by government attorneys and the tax court;

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60540

the petitioners did not assert facts to contest the commissioner's determination.

The case was set for trial on June 2, 2025, and recalled on June 3, 2025. The petitioners failed to appear, so the government moved to dismiss. The tax court dismissed the petition for failure to prosecute, found the couple had a $5,043 deficiency in their income tax for the 2020 tax year, and declined to impose a penalty under I.R.C. § 6662(a). The petitioners timely appealed.

We review the tax court's decision for an abuse of discretion. *Tello v. Commissioner*, 410 F.3d 743, 744 (5th Cir. 2005); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). On appeal, the petitioners reiterate their claims of attorney misconduct from below and do not explain their failure to appear for trial.

After reviewing the briefs and the record, we find no reversible error. *See Tello*, 410 F.3d at 744 (affirming tax court's dismissal for want of prosecution where petitioner "failed to appear at the calendar call and recall of his case . . . refused to address the merits of his case . . . [and] makes several arguments on appeal similar to those that he raised below"). The judgment of the tax court is AFFIRMED. *See* 5TH CIR. R. 47.6.