# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10881

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSHUA WAYNE BEVILL,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-82-1

Before HIGGINBOTHAM, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant–Appellant Joshua Bevill ("Bevill") appeals the district court's denial of his motion to dismiss his indictment because, according to Bevill, his prosecution violated an earlier plea agreement he had entered into with the Government. Because Bevill's asserted understanding of his prior plea agreement is unreasonable, we affirm the district court's denial of his motion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10881

## I. BACKGROUND

In November 2010, the Government charged Bevill in an information with engaging in securities fraud.  The information alleged that "[b]eginning in or about November 2005 and continuing until in or about December 2008," Bevill used interstate commerce and the mails to fraudulently engage in the sale and purchase of securities.  According to the information, Bevill used corporate names such as North Texas Partners and United Star Petroleum to fraudulently sell oil and gas investments to various individuals.  Before the information was filed, Bevill signed a plea agreement ("the 2010 agreement") and factual resume admitting to the pertinent charged facts.  In exchange for his plea, the Government agreed not to "bring any additional charges against the Defendant based upon the conduct underlying and related to the Defendant's plea of guilty."

On March 23, 2011, the Government charged Bevill with the offenses at issue in this case.  The indictment charged Bevill with committing wire fraud, securities fraud, and money laundering.  The indictment alleged that "[b]eginning no later than December 2010 and continuing until in or about February 2011," Bevill used the mail and telephone calls to convince individuals to invest in Progressive Investment Partners ("Progressive"), a purported oil and gas company.  Bevill falsified press releases and other documentation representing that Progressive had a ten-year history of business operations and hundreds of investors.  As a result of this new scheme, Bevill obtained funds from two new investors, which he used for personal expenses.

In response to the instant charges, Bevill initially pleaded guilty to the money laundering charge pursuant to a written plea agreement.  On September 2, 2010, prior to sentencing, Bevill obtained permission to proceed pro se, although his attorney remained in a standby capacity.  Bevill filed a pro

2

No. 13-10881

se motion to withdraw his guilty plea. The district court granted Bevill's motion and allowed him to enter a plea of not guilty on all counts. Bevill also filed an omnibus motion requesting that the district court dismiss the indictment. He contended that the new prosecution violated the 2010 agreement because the Government had agreed not to charge him for any related conduct, and the conduct in the two cases was related because both involved the same type of fraudulent scheme and because much of the conduct underlying the new indictment occurred before the district court accepted his plea in January 2011. Bevill also challenged the later prosecution on double jeopardy and collateral estoppel grounds because he had pleaded to the "same crime" of defrauding investors.

The district court denied Bevill's omnibus motion to dismiss the indictment. The court rejected Bevill's double jeopardy and breach-of-the-plea arguments, noting that although the offenses alleged in the 2011 indictment involved a similar scheme to that alleged in the 2010 information, the fraudulent acts occurred at different times and involved different victims. The court pointed out that "Bevill's interpretation of double jeopardy and his plea agreement would seemingly grant him immunity from prosecution for future crimes, provided they were carried out in the same manner as his conduct in the 2010 case, an absurd result not required by the Fifth Amendment and contract interpretation." Bevill filed an interlocutory appeal challenging the denial of his double jeopardy and collateral estoppel claims. However, this Court granted the Government's motion to dismiss the appeal after determining that Bevill had failed to present a colorable double jeopardy claim.[1]

---

[1] *United States v. Bevill*, 508 F. App'x 333, 334-35 (5th Cir. 2013).

3

No. 13-10881

The Government filed a superseding indictment, charging Bevill with one count of mail fraud, two counts of securities fraud, and one count of wire fraud. The charging instrument alleged that each of Bevill's offenses occurred while he was on release in the first criminal case, in violation of 18 U.S.C. § 3147. Following a bench trial based on a joint stipulation of evidence, the district court found Bevill guilty on all counts.

## II. DISCUSSION

On appeal, Bevill argues that the instant prosecution constitutes a breach of the 2010 plea agreement because the instant offenses are "related to" the securities fraud charged in the previous information. He asserts that under the plain language of the agreement, the Government was barred from bringing further prosecutions based not only on conduct "underlying" that plea but also on conduct "related to" that plea. He argues that his 2010-2011 conduct was "related to" the 2005-2008 conduct because it was a scheme to fraudulently sell oil and gas investments. He also contends that the Government argued at sentencing that the cases were related and constituted relevant conduct, and he maintains that the Government may not argue that the offenses are related for sentencing purposes but that the conduct is not related under the plea agreement.

To assess whether a plea agreement has been violated, we look to "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement."[2] "The defendant must prove the underlying facts that establish a breach by a preponderance of the evidence."[3]

---

[2] *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993).

[3] *United States v. Witte*, 25 F.3d 250, 262 (5th Cir. 1994), *aff'd on other grounds*, 515 U.S. 389 (1995).

No. 13-10881

When interpreting a plea agreement, a court applies general principles of contract law.[4]

Bevill's asserted understanding of the plea agreement is that the Government agreed not to prosecute him for any conduct between 2005 and 2011 utilizing the same type of fraudulent scheme selling oil and gas investments. In effect, Bevill argues that it was reasonable for him to believe that the government granted him a free pass to perpetrate the same type of scheme to which he pleaded guilty while he waited for the district court to accept his plea. We disagree.

The Government agreed not to charge Bevill with any conduct that is both "underlying and related to" his plea of guilt.[5] Under the plain terms of the agreement, Bevill's 2010-2011 conduct charged in the instant indictment did not "underlie" and "relate to" the conduct in that plea agreement.[6] The plea agreement Bevill signed on September 2, 2010 is limited to conduct occurring between 2005 and 2008. The instant prosecution charged different conduct whereby Bevill used a different fictitious name ("James Browning"), defrauded different investors, and used a business entity Bevill created in 2010. Critically, the 2010 indictment charged false misrepresentations Bevill made for the first time in 2010. Relatedly, the conduct charged in the 2010

---

[4] *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999).

[5] The Oxford English Dictionary defines "underlying" in part as "[l]ying under or beneath," and defines "related to" in part as "connected or having relation to something else." *See* "underlying, *adj.*" and "related, *adj.*" *OED Online*. December 2014. Oxford University Press. http://www.oed.com/view/Entry/211817 and http://www.oed.com/view/Entry/161808 (accessed April 13, 2015).

[6] *See United States v. McClure*, No. 6:13-cr-83, 2015 U.S. Dist. LEXIS 17637, at *13 (E.D. Tex. Feb. 12, 2015) (the phrase "underlying and relating to" in a non-prosecution clause of a plea agreement prohibits the Government from bringing a charge that "forms the basis of (underlying) the Defendant's plea of guilty . . ., but also is logically or naturally associated with (related to) Defendant's plea of guilty.").

indictment occurred after Bevill signed the plea agreement with respect to the charges growing out of the 2005-2008 conduct. Bevill even accepted funds from the investors he defrauded in 2010-2011 and spent those funds on personal expenses after the district court accepted his plea agreement. It was not reasonable for Bevill to understand that the Government was giving him a pass to defraud other investors as part of his 2010 plea agreement. The new offenses were not underlying and related to the charges that were the subject of his plea agreement.[7]

Bevill's position is not improved because the Sentencing Guidelines allow a sentencing judge to consider a broad range of a defendant's conduct as relevant conduct when determining an appropriate sentence, including similar offenses such as Bevill's long-standing scheme defrauding investors by selling fraudulent oil and gas investments. Bevill has failed to establish a breach of the plea agreement by a preponderance of the evidence. We therefore affirm the district court's denial of Bevill's motion to dismiss his indictment.

AFFIRMED.

---

[7] *See United States v. Ramirez*, 555 F. App'x 315, 318 (5th Cir. 2014) (per curiam) (conspiracy did not underlie a previous plea agreement when it had different time frames, co-defendants, controlled substances, and general locations of the two offenses); *See also McClure*, 2015 U.S. Dist. LEXIS 17637 at \*15-16 (the Government did not violate its plea agreement not to charge defendant with conduct "underlying and relating to" his guilty plea by charging the defendant with conduct that occurred months before the conduct underlying the plea agreement, at a different geographical location, implicating different statutory violations, and involving two different sets of firearms).