# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 27, 2021

Lyle W. Cayce
Clerk

No. 18-10708

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Wayne Bevill,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-3152

Before Elrod, Southwick, and Costa, *Circuit Judges.*

Per Curiam:*

The district court dismissed Joshua Wayne Bevill's claims of ineffective assistance of counsel for lack of prosecution after notices mailed to Bevill in federal prison were returned as undeliverable. After learning of the mix-up, Bevill corrected his address and asked the district court to reconsider its dismissal under Federal Rule of Civil Procedure 60(b)(6).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-10708

Because the district court abused its discretion in denying Bevill's motion to reopen, we VACATE and REMAND for consideration of the merits of Bevill's claims.

I.

Joshua Wayne Bevill was convicted of one count of mail fraud, two counts of securities fraud, and one count of wire fraud. The court sentenced him to 300 months in prison, to run consecutively to a 60-month sentence from an earlier case. Bevill appealed his conviction, asserting that his prosecution violated a plea agreement from that prior proceeding. *United States v. Bevill*, 611 F. App'x 180, 182 (5th Cir. 2015). We affirmed his conviction. *Id.* at 182–83.

Bevill now challenges his imprisonment on different grounds. He filed a timely section 2255 petition in November 2016, claiming violations of his Sixth Amendment right to the effective assistance of counsel.

The district court never considered the merits of Bevill's ineffective assistance claims. The parties fully briefed Bevill's petition, but the magistrate judge initially assigned to the case retired before ruling on it. The district court reassigned the case to a new magistrate and mailed notice of the change to Bevill's address of record at the Berlin Federal Correctional Institution. That notice was returned to the court as undeliverable because Bevill had been transferred to a new facility.

Citing Bevill's failure to update his address, the district court dismissed his petition *sua sponte* and without prejudice in April 2018 for failure to prosecute. Notice of that judgment was also returned to the court as undeliverable.

Despite not receiving these notices, Bevill feared that something was wrong. He wrote to the district court in April 2018, expressing concern that

No. 18-10708

he had not received an update on his case in nearly a year. He also informed the court of his new address at the Federal Medical Center in Fort Worth.

A month later, Bevill requested reconsideration of the district court's dismissal, claiming that he had attempted to send the court an updated address back in 2017 but it was never received due to problems with the prison mail system. The court construed his filing as a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b)(6). The district court denied Bevill's Rule 60(b) motion without reasons.

Bevill sought a certificate of appealability, which this court granted on the following issues: (1) whether the district court's dismissal without prejudice was effectively a dismissal with prejudice and (2) whether the district court abused its discretion by denying Bevill's Rule 60(b) motion. We then issued a limited remand, asking the district court to explain its reasons for denying Bevill's Rule 60(b) motion. The district court explained that it denied Bevill's motion to reopen for the same reason it dismissed his section 2255 petition—Bevill had failed to inform the court of his new address for at least three months without explanation.

## II.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Hall v. Louisiana*, 884 F.3d 546, 549 (5th Cir. 2018). When denying relief means that no court will consider the merits of the underlying claim, we apply a "lesser standard of review" under which "even a slight abuse" justifies reversal. *Ruiz v. Quarterman*, 504 F.3d 523, 532 (5th Cir. 2007) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981)). Because Bevill filed his Rule 60(b) motion before his deadline to appeal, we can consider the underlying judgment in determining whether the district court abused its discretion. *Harrison v. Byrd*, 765 F.2d 501, 503–04 (5th Cir. 1985)).

No. 18-10708

Federal Rule of Civil Procedure 60(b)(6) empowers a district court to relieve a party from a final judgment for "any . . . reason that justifies relief." FED. R. CIV. P. 60(b)(6). It is a catchall provision that encompasses "extraordinary circumstances" not covered by the Rule's other, more specific provisions. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citation omitted). The court may consider "a wide range of factors" to determine whether the circumstances justify relief. *Buck v. Davis*, 137 S. Ct. 759, 778 (2017).

As justification for the Rule 60(b)(6) relief he seeks, Bevill emphasizes the district court's plain error in dismissing his petition. Dismissals without prejudice are treated as dismissals with prejudice when the statute of limitations has run by the time of dismissal. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The district court's nominal dismissal without prejudice of Bevill's petition was prejudicial in effect. Bevill had one year from the date his conviction became final to collaterally attack his conviction. 28 U.S.C. § 2255(f)(1). That year ended while Bevill's petition was still pending before the district court. Because Bevill was time-barred from refiling his petition, the district court "overlooked and failed to consider [a] controlling principle of law" when it dismissed his petition without finding that with-prejudice dismissal was warranted. *Harrison*, 765 F.2d at 503.

Because dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim," *Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012) (internal quotation and citation omitted), it is only warranted on "a clear record of delay or contumacious conduct by the plaintiff" when "lesser sanctions would not serve the best interests of justice." *Sealed Appellant*, 452 F.3d at 417 (citation omitted). Even with such a showing, we often require an aggravating factor, like the plaintiff's intent to

4

delay, the plaintiff's personal responsibility for the delay, or actual prejudice to the defendant. *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018); *see also Sealed Appellant*, 452 F.3d at 418 ("[A]ggravating factors must 'usually' be found[.]"). As the district court did not recognize the prejudicial effect of its dismissal, it did not cite any such factors.

Looking at the record ourselves, we do not see the type of delay necessary for a prejudicial dismissal. The district court noted that Bevill waited "at least three months" before informing the court of his new address. But in a sworn statement, Bevill claimed that he sent the district court notice of his new address just weeks after being transferred from the Berlin prison. Even if Bevill never sent this notice, three months of delay does not usually warrant dismissal with prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (The plaintiff's delay "must be longer than just a few months; instead, [it] must be characterized by significant periods of total inactivity.") (quotation and citation omitted). Bevill is not responsible for any other delay; he responded to all prior pleadings and orders in a timely manner.

In fact, the merits of Bevill's petition had been fully briefed when the district court dismissed the petition for failure to prosecute. Cases are typically dismissed for failure to prosecute when the plaintiff's lack of engagement prevents full consideration of the merits. *See, e.g.*, *Burke v. Ocwen Loan Servicing, L.L.C.*, 855 F. App'x 180, 185 (5th Cir. 2021) (affirming dismissal for failure to prosecute because plaintiffs failed to amend their complaint by the court-ordered deadline); *Dotson v. Tunica-Biloxi Gaming Comm'n*, 835 F. App'x 710, 714 (5th Cir. 2020) (affirming dismissal for failure to prosecute because plaintiff "made no effort" to serve defendants).

Bevill may have been negligent in not ensuring that the court received his notice, but "it is not a party's negligence . . . that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." *Millan*, 546 F.3d at 327 (citation omitted). Bevill's conduct falls short of this high bar.

So the district court erred in never reaching the fully briefed merits of Bevill's section 2255 petition. As a result, even a slight abuse of discretion warrants reversal of the Rule 60(b) denial. *Ruiz*, 504 F.3d at 532.

Several of the Rule 60(b) equitable considerations point to the reinstatement of Bevill's case. Eight factors inform review of a Rule 60(b) motion:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves*, 635 F.2d at 402; *see also Haynes v. Davis*, 733 F. App'x 766, 769 (5th Cir. 2018) ("[W]e have used [the *Seven Elves* factors] as a guide in evaluating the strength of a motion brought pursuant to Rule 60(b)(6).").

The lion's share of these factors favor reversal. Bevill filed his Rule 60(b) motion before his deadline to appeal, a timeline that is not only "reasonable," but also suggests that Bevill did not file the instant motion for the purpose of evading appellate procedure. *See FDIC v. Castle*, 781 F.2d 1101, 1105 (5th Cir. 1986). Dismissal does not serve the interests of justice because it was not based on a thorough evaluation of the record. *See Bundick v. Bay City Indep. Sch. Dist.*, 192 F.3d 126 (5th Cir. 1999) (unpublished) (vacating Rule 60(b) denial because the district court did not "do substantial justice" when it failed to consider the movant's excuses for procedural default). No court has heard Bevill's constitutional claim on the merits. *See Seven Elves*, 635 F.2d at 403 ("Rule 60(b) will be liberally construed in favor of trial on the full merits of the case."). And finally, the United States has not identified any prejudice that would result from reversal of the Rule 60(b) denial "mak[ing] it inequitable to grant relief." *Castle*, 781 F.2d at 1105 (citation omitted).

Indeed, the government is fully prepared to contest Bevill's claims on the merits. It argues that the weaknesses of those claims warrant affirming the denial of Rule 60 relief. *See Buck*, 137 S. Ct. at 780. The strength of the underlying merits can be considered in reviewing a refusal to reopen a judgment, *see id.*, but we have a hard time assessing the merits here because the judgment was based on a failure to prosecute rather than an evaluation of Bevill's ineffective assistance claims. Even assuming *arguendo* that the merits factor weighs in the government's favor, it would not be enough to overcome the other factors that tilt the other way.

Because the district court failed to apply the with-prejudice standard when dismissing Bevill's petition and the equitable considerations weigh in favor of reopening, Bevill is entitled to Rule 60 relief undoing the dismissal of his petition for failure to prosecute.

No. 18-10708

\* \* \*

We therefore VACATE the denial of Bevill's Rule 60(b) motion and REMAND for consideration of the merits of his claims.