United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 12, 2006**

Charles R. Fulbruge III
Clerk

REVISED JUNE 12, 2006

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

Nº 04-11173

_____

SEALED APPELLANT,

Plaintiff-Appellant,

VERSUS

SEALED APPELLEE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

Before SMITH, GARZA, and OWEN,
  Circuit Judges.

JERRY E. SMITH, Circuit Judge:

   The Appellant appeals the dismissal of his *qui tam* suit for failure timely to serve process and to prosecute. We affirm.

### I.

   In May 2000, Appellant sued Appellee, a corporation, alleging claims under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3744 (the "FCA"). In August 2002, the United States filed its Notice of Election to Decline Intervention, stating that it would decline to intervene and directing the district court to the provision of the FCA, *id.* § 3730-(b)(1), that allows the relator to pursue the action in the name of the United States.[1]

_____

[1] The United States also reserved the right to in-
(continued...)

That same month, the court ordered the complaint, the government's Notice of Declination, and its order unsealed and required that those documents be served on Appellee. Appellant, however, never served the complaint or any other documentation on Appellee. Nor did he take any other action in the case, such as filing motions or pleadings, seeking discovery, or notifying Appellee of the pending claims, during the two years that the case remained unsealed and pending.

In May 2004, an attorney for the United States informed Appellee that a *qui tam* complaint had been filed against it. It was only through that conversation that Appellee learned of Appellant's lawsuit that the district court had ordered unsealed twenty-one months earlier.

In July 2004, Appellee filed a motion to dismiss under Federal Rules of Civil Procedure 9(b) and 12(b)(6) and for failure to prosecute under Federal Rule of Civil Procedure 41(b). Appellee requested that the court dismiss with prejudice for failure to plead the FCA claims with the particularity required by rules 9(b) and 12(b)(6) and, alternatively, for failure to prosecute the lawsuit during the two years it had been unsealed.

In August 2004, the court dismissed the complaint for failure to prosecute and was silent as to Appellee's grounds for dismissal based on rules 9(b) and 12(b)(6). Despite Appellee's request that the dismissal be with pre-

judice, the court "decline[d] to dismiss the case with prejudice and, in its discretion, dismisse[d] it instead without prejudice."

## II.
### A.
On appeal, Appellant asserts that some of his FCA claims could be time-barred under the Act's statute of limitations, and thus the dismissal without prejudice should be reviewed more stringently as a dismissal with prejudice.[2] As to the claims that would not be barred by limitations upon refiling, we treat the dismissal as without prejudice and affirm. Federal Rule of Civil Procedure 4(m) provides that if service of the summons and complaint is not made on a defendant within 120 days after the filing of the complaint, the court, "upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." Appellant has been unable to show good cause why process has not been served during the two years after it was ordered by the court. He can refile these claims, because the statute of limitations has not yet run.

We treat the dismissal without prejudice as a dismissal with prejudice, however, as to Appellant's claims that would be barred by limitations. *Berry*, 975 F.2d at 1191. Rule 41(b) dismissals with prejudice will be affirmed only on a showing of "'a clear record of delay or contumacious conduct by the plaintiff' . . ., and where lesser sanctions would not serve the

[1](...continued) tervene in the future based on good cause; it requested service of all pleadings and orders filed in the action and asked that only the complaint, its Notice of Election to Decline Intervention, and the order be unsealed and served on Appellee.

[2] *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (finding that where applicable statute of limitations bars refiling, a dismissal without prejudice "is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used") (internal citations omitted).

best interests of justice."[3]

Appellant argues that a dismissal with prejudice is appropriate only if, in addition to the two "requisite" factors described above, one of several "aggravating factors" is also found. The so-called "aggravating factors" are "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Rogers*, 669 F.2d at 320.

We disagree with Appellant's contention that, to affirm a dismissal with prejudice, an aggravating factor must be present; the presence of requisite factors "can alone justify dismissal." *Id.* We have stated that aggravating factors must "usually" be found; we have not said they must "always" be found.[4]

---

[3] *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982); *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir.), *cert. denied*, 126 S. Ct. 381 (2005). *Tello* and *Berry* use a slightly different standard than does *Rogers*, but as we discuss in part C, *infra*, the *Rogers* standard is the one applicable in cases where plaintiff failed to serve process and the limitations period expired during plaintiff's delay.

[4] *See Rogers*, 669 F.2d at 320 (explaining that "such a sanction is reserved for the most egregious of cases, *usually* cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors) (emphasis added); *Tello*, 410 F.3d at 744 ("We *generally* will affirm a dismissal only if we find at least one of three aggravating factors") (emphasis added); *Berry*, 975 F.2d at 1191 ("Additionally, *in most cases* where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors.")
(continued...)

B.

In any event, at least two aggravating factors are present in this case. First, there is actual prejudice to the defendant. We found similar actual prejudice resulting from failure to serve process within the statute of limitations period in *Veazey v. Young's Yacht Sale & Serv.*, 644 F.2d 475, 477-78 (5th Cir. Unit A May 1981), although we did not use the term "aggravating factor." Nonetheless, in *Rogers*, 669 F.2d at 320, we noted that *Veazey* had all the three aggravating factors.[5]

In *Veazey*, we explained that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations:

> We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available.

*Veazey*, 644 F.2d at 478. Delay alone can result in prejudice if the statute of limitations has run: "[E]vidence deteriorates or disappears, memories fade, and witnesses die or move away." *Id.* Further, if the statute has run, a potential defendant that has not been served is

---

[4](...continued)
(emphasis added).

[5] *See also Fournier v. Textron, Inc.*, 776 F.2d 532, 534 (5th Cir. 1985) (citing *Veazey* and holding that failure to serve within limitations period creates actual prejudice and justifies dismissal with prejudice).

3

entitled to expect that it will no longer have to defend the claim: "If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims." *Id.*

Another aggravating factor that is present here is that the delay could have only been intentional. Appellee is a U.S. corporation with a known address. Therefore, Appellant's counsel could not have encountered any hardship in perfecting service. As we explained in *Veazey*, in light of a prolonged delay and despite the "habitual slow movement of cases in the district ," we "can only conclude that counsel intentionally failed to cause effectuation of service" when the furnishing of information for service of process is a simple task:

> The explanations offered by plaintiff's counsel, including the move of his office location, the transfer of the case from the docket of one judge to the docket of another, and the suggested habitual slow movement of cases in the district do not justify the extent of inaction we perceive in this record. The furnishing of information for proper service of process was not that difficult or laborious a task. We can only conclude that counsel intentionally failed to cause effectuation of service.

*Veazey*, 644 F.2d at 477. Further, Appellant has not missed the 120-day deadline by only a day or a week or two, but by almost 600 days. Therefore, the delay is not a "simple inadvertence."

Appellant contends he was not informed about the delay by his attorney. It is well-established, however, that a party is bound by the acts of his attorney. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Also, although it is true that this case has had periods of inactivity in the past, when before the unsealing the government took two years to make a decision with respect to intervention, it would be unreasonable for Appellant to expect similar delays after the unsealing. After the unsealing, Appellant retained new counsel, and the burden to prosecute rested solely on Appellant, not the government.

One does not have to be legally sophisticated to understand that if he is the only plaintiff in the case and does not hear from his attorney for almost two years, his case is not being diligently prosecuted. "We believe that there comes a point at which the deficiency in counsel's performance puts the plaintiff on notice that, unless a new lawyer is obtained, the very continuation of the lawsuit is threatened." *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1522 (5th Cir. 1985) (affirming dismissal with prejudice).

Moreover, the issue of whether the delay was the result of intentional conduct does not depend on whether the intentional conduct was by the party as distinguished from his attorney. Rather, as explained, conduct by the attorney is sufficient.[6] There is a separate aggravating factor dealing with delay attributable to the party, rather than his attorney.

C.

With respect to the "requisite" factors,

---

[6] *See also Porter v. Beaumont Enter. & Journal*, 743 F.2d 269, 271 (5th Cir. 1984) ("Two of the three aggravating factors recognized in *Rogers* were present in this case. The delay was the result of intentional conduct by plaintiff's attorney . . . .").

4

there is a "a clear record of delay" in this case: almost two years of total inactivity on Appellant's side.[7] The other requisite factor is also present. As we explained in *Veazey,*

> A delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process.
>
> In this type situation, "a lesser sanction would not better serve the interests of justice." *Brown v. Thompson,* 430 F.2d 1214, 1216 (5th Cir. 1970).

*Veazey*, 644 F.2d at 478.[8]

We note that although later cases discuss the second requisite factor in terms of whether a district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or whether the record shows that the district court employed lesser sanctions that proved to be futile, *see Berry*, 975 F.2d at 1191, *Rogers* and *Veazey* predate these cases and employ the standard we used above, which is derived from an even earlier case, *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970). We decline to decide whether *Berry* is in tension with *Rogers,* so the standard discussed in *Rogers* is the correct one under the prior panel rule.

We do conclude that in cases such as this one, where the limitations period expired during the delay, later panels such as *Berry* or *Tello* could not have overruled *Veazey* and *Porter*, which found that there was no abuse of discretion in dismissing a case for failure to prosecute, even if the district court judge did not previously employ a lesser sanction or expressly determined that lesser sanctions would not prompt diligent prosecution. There is no need for the district court expressly to determine that lesser sanctions would not prompt diligent prosecution when this court has determined that it is precisely such prosecution that the statute of limitations is meant to stop. If the statute has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim.[9]

Although *Veazey* stated that "[w]e are not unmindful of the need to be cognizant of the innocent plaintiff who may be harmed by the inaction of counsel," 644 F.2d at 479, *Veazey* itself affirmed the dismissal with prejudice, even if the plaintiff in that case was innocent

---

[7] *See Veazey,* 644 F.2d at 478 (affirming dismissal where plaintiff had a 21-month delay in serving process and limitations expired during the delay); *see also Fournier*, 776 F.2d at 534 (affirming dismissal where plaintiff had 32-month delay in serving process and limitations expired during the delay), *Porter,* 743 F.2d at 271 (affirming dismissal where plaintiff delayed 2½ years in serving process and limitations expired during the delay); *Harrelson v. United States*, 613 F.2d 114 (5th Cir. 1980) (affirming dismissal given the 22-month delay between last pleading filed and dismissal). Other courts also have affirmed dismissals with prejudice for failure to serve process where limitations has run, even where the delay was as short as four months. *See, e.g., Geiger v. Allen*, 850 F.2d 330 (7th Cir. 1988).

[8] *See also Porter*, 743 F.2d at 272 ("[W]hen a plaintiff has been guilty of a series of inexcusable delays in serving process on a defendant, and then perfects service improperly, 'a lesser sanction would not better serve the interests of justice.'").

[9] Appellant never raised, in the district court, the limitations bar as a reason not to dismiss.

5

and the inaction was that of counsel.[10] Therefore, the court did "weigh" the fact that the plaintiff was not involved in the delay, but nonetheless found that the prejudice to the defendant from the limitations lapse was so severe that it warranted dismissal. *Id.*[11]

AFFIRMED.

---

[10] *Veazey* does not discuss whether the plaintiff participated in the delay or whether he was innocent. It only mentioned that the counsel caused the delay. *See Veazey*, 644 F.2d at 477 ("We can only conclude that counsel intentionally failed to cause effectuation of service."). Because, however, the opinion refers to the inaction of counsel and says that "[w]e are not unmindful of the need to be cognizant of the innocent plaintiff who may be harmed by the inaction of counsel," the only inference is that the plaintiff was innocent or else the court would have discussed his participation in the delay.

[11] *See also Porter,* 743 F.2d at 271-72 (affirming dismissal where plaintiff delayed 2½ years in serving process and limitations expired during the delay and where "[t]he delay was the result of intentional conduct by plaintiff's attorney," without discussing whether the plaintiff participated in the delay or was innocent.)

EMILIO M. GARZA, Circuit Judge, dissenting in part:

I respectfully dissent from that part of the majority's opinion affirming the dismissal of those claims that would be barred by the statute of limitations.

It is well-established that a dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzales v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). Accordingly, "[w]e will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA*, 975 F.2d 1188, 1191 (1992).

In this case, the district court did not consider or employ lesser sanctions. In fact, the district court did not intend to dismiss the case with prejudice to a future filing at all: "The court declines to dismiss this case with prejudice and, in its discretion, dismisses it instead without prejudice." It is only by operation of the statute of limitations, an issue that was not before the district court and of which it had no notice, that the dismissal became prejudicial as to certain claims. *See McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981) ("Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used."). In such circumstances, we have consistently vacated and remanded to the district court for an initial determination regarding the use or futility of lesser sanctions. *See, e.g.*, *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000); *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *Berry*, 975 F.2d at 1191; *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981); *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 228 (5th Cir. Unit B Jan. 1981);

7

*Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972).

The majority rejects the *Berry* standard and the litany of prior cases counseling remand. Instead, it relies upon *Porter v. Beaumont Entertainment & Journal*, 743 F.2d 269 (5th Cir. 1984), *Rogers v. Kroger*, 669 F.2d 317 (5th Cir. 1982), and *Veazey v. Young's Yacht Sale & Service*, 644 F.2d 475 (5th Cir. Unit A May 1981), for the suggestion that an express determination of futility or the use of lesser sanctions by the district court is unnecessary. In the majority's view, this court may independently determine, without the district court's intimate understanding of the vagaries of the case and the issues facing the parties, whether there is a "a clear record of delay or contumacious conduct by the plaintiff" and whether "a lesser sanction would not better serve the interests of justice." *Id*. at 477.[1] Applying those cases, the majority opines that no lesser sanction would better serve the interests of justice based upon an ill-advised rule of law for service of process dismissals.

The majority's reliance on these cases is misplaced because they differ from this case, and the *Berry*-line of cases, in one critical respect. The district courts in *Porter*, *Rogers*, and *Veazey* all intentionally and expressly dismissed *with prejudice*. Where the dismissal is with prejudice, the district court implicitly rejected lesser sanctions as futile, opting instead for the most severe sanction. In such situations, an appellate court may properly assume that the district court considered lesser sanctions futile and review that determination against the record. If, however, the district court dismissed without prejudice and did not address the potential effect of the statute of limitations, as

---

[1] *See Estate of Solis-Rivera v. United States*, 993 F.2d 1, 3 (1st Cir. 1993) (remanding because a "district court, which has direct and continuous contact with attorneys, is best able to judge in the first instance whether an attorney's misconduct is sufficiently egregious to warrant the 'death knell' of a lawsuit . . . or whether some lesser sanction would be more appropriate" (citation omitted)); *Ciralsky v. CIA*, 355 F.3d 661, 674 (D.C. Cir. 2004) (similar).

in this case, there can be no implicit district court determination regarding futility for the appellate court to review. In fact, there is no guarantee that the district court considered the full import and effect of its dismissal at all. *See McNeal v. Papasan*, 842 F.2d 787, 794 (5th Cir. 1988) (noting that the "harshness of the sanction" demands that the district court be the first to "examine[] all the circumstances . . . , test[] those circumstances by the correct standard, and supplement[] the record in a way which lets us understand that it has complied with those standards"); *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984) ("When a district court dismisses an action with prejudice for counsel's failure to prosecute, such findings of fact are essential for our consideration of the inevitable argument that the dismissal was an abuse of its discretion.").

The majority declines to decide whether the standard in *Berry* is in tension with the standard in *Rogers* and *Veazey*. Rather, it simply concludes that *Rogers* and *Veazey* are earlier in time and, therefore, must present the correct standard. In my view, our cases are consistent and display a common-sense approach to dismissals that are prejudicial, by intent or effect, to a future filing. Where a district court dismisses *with* prejudice, this court may find an abuse of discretion where we determine that lesser sanctions would better serve the interests of justice. *See, e.g., Porter*, 743 F.2d at 276.[2] But, where a district court dismisses *without* prejudice and is unaware that the dismissal is effectively *with* prejudice because, for example, the statute of limitations has run, this court will find an abuse of discretion unless, through conduct or statement, the district court gave some indication that lesser sanctions would be futile. *See, e.g., Berry*, 975 F.2d 1192. Unfortunately, the majority

---

[2] Appellate review begins with any district court action or statement evidencing the futility of lesser sanctions. *See Porter*, 743 F.2d at 272 ("Besides the clear record of delay, the district court did impose a lesser sanction before dismissing the case with prejudice."); *Rogers*, 669 F.2d at 321 ("[T]here is nothing in the district court's order and opinion or the record indicating that less severe sanctions were considered and found to be futile or contrary to the interests of justice.").

9

elides the rule of law evident in our cases.

Because the district court did not intend to dismiss the case with prejudice to a future filing and because it did not expressly consider or apply lesser sanctions, our cases require that we vacate and remand.[3] Accordingly, I dissent from the majority's opinion affirming the district court's unintended dismissal with prejudice. I would leave to "the discretion of the district court the decision on the precise sanction which should be applied" and note that the "district court might reimpose the dismissal" with prejudice should it "find on remand that [plaintiff's] conduct was contumacious and that dismissal with prejudice is the least sanction which would serve the ends of justice." *McNeal*, 842 F.2d at 794.

---

[3] In footnote 9, the majority asserts that "Appellant never raised, in the district court, the limitations bar as a reason not to dismiss." *See supra* n.9. (More accurately, neither party raised the issue before the district court.). It is clear from the record, however, that Appellant's counsel absented himself from the case without withdrawing and without notice to his client or the court. Although Appellant never raised the limitations bar as a reason not to dismiss, whether Appellant's case should be dismissed with prejudice under these circumstances is a question the district court should consider in the first instance.