United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30495
Summary Calendar

_____

RENODE COLLINS,

Plaintiff-Appellant,

versus

RICHARD L. STALDER, Secretary of Corrections; BURL CAIN,
Warden; LOUISIANA STATE PENITENTIARY; CURLY ALFRED,
Correctional Officer at Louisiana State Penitentiary; HEALTH
CARE PROVIDER, #71; B. JOHNSON; HEALTH CARE PROVIDER, #17;
HEALTH CARE PROVIDER, #66; JOHN DOE, Doctor,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-163
---------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Renode Collins, Louisiana prisoner # 313898, proceeding pro
se and in forma pauperis, appeals the district court's dismissal
of his 42 U.S.C. § 1983 complaint.

On March 15, 2006, the district court issued an order
indicating that Collins's pleadings were deficient, that Collins
needed to amend his pleadings to correct the deficiencies, and
that failure to amend within 15 days would result in dismissal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On April 13, 2006, the district court observed that Collins had failed to amend his pleadings and dismissed the proceeding, without prejudice, for failure of Collins to correct the deficiencies. Collins argues, inter alia, that he did not receive the deficiency notice and the district court erred when it dismissed his complaint.

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). The scope of the district court's discretion is narrower when the Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of a suit dismissed under Rule 41(b) without prejudice. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). In Collins's case, although the district court dismissed Collins's suit without prejudice, the dismissal may have effectively been with prejudice due to the one-year statute of limitations. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); LA. CIV. CODE ANN. art. 3492.

Where the limitations period "prevents or arguably may present" further litigation, the standard of review should be the same as is used when reviewing a dismissal with prejudice. Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 212-13 (5th Cir. 1976). This court will affirm dismissals with prejudice for failure to prosecute only when there is a clear record of delay or contumacious conduct by the plaintiff and the district court

has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. <u>Berry</u>, 975 F.2d at 1191.

There is not a clear record of purposeful delay or contumacious conduct by Collins. The district court's order that Collins supplement the record was issued on March 17, 2006, and the district court dismissed the proceeding on April 13, 2006. There are no other orders of the district court in the record, and therefore there were no other instances where Collins did not comply with a court order. <u>See</u> <u>Berry</u>, 975 F.2d at 1191 and n.5. As Collins argues, an attachment to his brief indicates that Collins may not have received the March 17, 2006, order. Also, the district court did not determine that lesser sanctions would not prompt diligent prosecution, and the district court did not employ lesser sanctions that proved to be futile. <u>See</u> <u>Berry</u>, 975 F.2d at 1192 and n.7. Finally, none of the usual aggravating factors appear to be present. <u>See</u> <u>Sealed Appellant v. Sealed Appellee</u>, 452 F.3d 415, 418 (5th Cir. 2006).

Accordingly, the district court's dismissal of Collins's suit was an abuse of discretion. The district court's judgment is VACATED and the case is REMANDED for further proceedings.