# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2021

Lyle W. Cayce
Clerk

No. 20-20075

Collins O. Nyabwa,

*Plaintiff—Appellant*,

*versus*

United States Department of Defense,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3438

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Collins O. Nyabwa moves this court for leave to appeal in forma pauperis (IFP) from the dismissal of a civil action in which Nyabwa sought relief under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). By moving to appeal IFP, Nyabwa challenges the district court's certification that his appeal was

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In his notice of appeal, Nyabwa stated that he was challenging the denial of his second Federal Rule of Civil Procedure 59(e) motion, which was successive and is not a valid basis for an appeal. *See Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989). However, we will liberally construe the requirements of Federal Rule of Appellate Procedure 3 and construe his notice of appeal as timely challenging the denial of his first Rule 59(e) motion. *See United States v. Knowles*, 29 F.3d 947, 949 (5th Cir. 1994). Our review of that denial encompasses the underlying dismissal. *See Butts v. Martin*, 877 F.3d 571, 581 (5th Cir. 2017).

The district court dismissed Nyabwa's complaint after he failed to make the first two monthly installment payments towards the filing fee as ordered when his IFP status was granted. Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint sua sponte if a plaintiff fails to follow a court order. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). We generally review such a dismissal for abuse of discretion. *McNeal v. Papasan*, 842 F.2d 787, 789-90 (5th Cir. 1988). The scope of the district court's discretion is narrow when the Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-filing of a suit dismissed without prejudice under Rule 41(b). *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190-91 (5th Cir. 1992). When, as here, the dismissal is silent as to prejudice, it is presumed to be with prejudice. *See Nationwide Mut. Ins. Co. v. Unauthorized Prac. of L. Comm.*, 283 F.3d 650, 655 n.26 (5th Cir. 2002). Because a dismissal with prejudice is an extreme sanction, it "is appropriate only where there is a showing of (a) a clear record of delay or

contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (internal quotation marks and citation omitted).

Our review of the record—as well as Nyabwa's lengthy litigation history, prior dismissals of his complaints for failure to make payments as ordered, and sanction warnings from various courts including ours— supports a finding that Nyabwa's conduct was contumacious. *See McNeal*, 842 F.2d at 790. The district court explicitly considered this history when denying Nyabwa's first Rule 59(e) motion. The district court also explicitly warned Nyabwa that his failure to comply with the monthly payment plan could result in dismissal. *See Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982) (noting such a warning constitutes a lesser sanction than dismissal). And even if the district court had not imposed a warning or considered lesser sanctions, Nyabwa's contumacious litigation conduct shows that a lesser sanction would have been futile. *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 420 (5th Cir. 2006) (noting consideration of lesser sanctions is not always necessary).

Accordingly, we AFFIRM the district court's dismissal of the complaint. Nyabwa's motion to proceed IFP on appeal is DENIED as moot.