# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2024

Lyle W. Cayce
Clerk

_____

No. 23-40422
Summary Calendar

_____

Danny G. Shaw, Jr.; Melissa Shaw,

*Plaintiffs—Appellants*,

*versus*

The United Mexican States, *c/o John Does 1-10, Et al.*; The Free and Sovereign State of Tamaulipas, *c/o John Does 1-10, Et al.*; Tamaulipas State Police of Mexico, *c/o John Does 1-10, Et al.*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CV-372

_____

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs-Appellants, Danny and Melissa Shaw, appeal the district court's dismissal of their complaint for failure to prosecute under Federal

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Rule of Civil Procedure 41(b). Plaintiffs additionally appeal the district court's order denying their attorney *pro hac vice* admission. We AFFIRM.

## I.

Plaintiffs filed a complaint on November 21, 2018, alleging state-law claims of battery, assault, loss of consortium, and intentional infliction of emotional distress against Mexico, the State of Tamaulipas, and Tamaulipas State Police of Mexico (collectively "Defendants"). Plaintiffs assert that on November 25, 2016, officers of the Tamaulipas State Police "attempted to murder Plaintiff Shaw, under the direction of Defendants, and while acting within the scope of their employment as government officers." Almost two months after filing the complaint, Plaintiffs' counsel, Larry Klayman, filed a motion requesting *pro hac vice* admission to practice before the district court. On February 11, 2019, the district court denied the motion at a hearing attended by Mr. Klayman telephonically.

Following the denial of Mr. Klayman's *pro hac vice* motion, Plaintiffs informed the district court that they would proceed *pro se* until they could retain alternative counsel. From February 11, 2019, through June 29, 2021, Plaintiffs proceeded *pro se*. During this time period, the district court granted Plaintiffs' numerous motions for continuances of status conferences and for extensions of time to obtain counsel and effectuate service on Defendants pursuant to Federal Rule of Civil Procedure 4(j).

On June 29, 2021, Plaintiffs' new counsel entered a notice of appearance. At a status conference the next day, Plaintiffs' counsel requested another extension of time to effectuate service. The district court ordered counsel to file a motion in writing requesting the extension. Plaintiffs' counsel filed the motion for an extension on October 28, 2021, almost four months after the district court ordered him to do so. Although Plaintiffs' motion was struck from the record for failure to comply with the

local rules and no further action was taken to refile the motion, the district court permitted counsel to argue for the extension at a March 9, 2022 status conference. At the conference, the district court granted the motion, and gave Plaintiffs until June 24, 2022, to serve Defendants.

On June 24, Plaintiffs once again moved for an extension of time to effectuate service. In their June 24 filing, Plaintiffs noted that they had retained a third-party to serve the Mexican government in compliance with the Hague Convention. However, Plaintiffs' filing was once again struck from the record as deficient under local rules, and Plaintiffs did not file any further motions for an extension. After several months of inactivity, the district court set a status conference for September 19, 2022. Plaintiffs attended neither the September 19 conference nor the rescheduled September 28 conference. On September 28, 2022, the district court dismissed Plaintiffs' complaint *sua sponte* for want of prosecution under Rule 41(b), noting that in the four years since Plaintiffs filled suit, they had yet to serve Defendants and failed to appear for two status conferences.

On October 12, 2022, Plaintiffs filed a motion for reconsideration of the court's Rule 41(b) dismissal. During a December 13 hearing, the district court granted Plaintiffs' motion to reconsider and reinstated their case "only for the purpose" of allowing Defendants to file a motion to dismiss "for reasons other than failure to prosecute." Before concluding the hearing, the court set a briefing scheduling for Defendants' motion to dismiss and scheduled a motion hearing for March 8, 2023.

On February 2, 2023, Defendants filed their timely motion to dismiss, making Plaintiffs' opposition due February 24. Plaintiffs moved for a fourteen-day extension of time, until March 10, to file their opposition. Although the district court did not rule on Plaintiffs' extension, Plaintiffs nonetheless did not file their opposition by the February 24 deadline.

No. 23-40422

Plaintiffs' counsel[1] additionally failed to appear at the March 8 motion hearing. The next day—thirteen days after the deadline—Plaintiffs filed their opposition to Defendants' motion to dismiss.

The district court rescheduled the unattended March 8 conference for March 15, 2023. Plaintiffs' counsel did not appear. During the March 15 hearing, the district court orally granted Defendants' motion to dismiss for want of prosecution. The court subsequently entered an order of dismissal into the record, listing each instance of delay caused by Plaintiffs and concluding that it had "undeniably resulted in great prejudice to the Defendants." Plaintiffs moved to set aside the order of dismissal, which the district court denied. Plaintiffs timely appealed both the district court's Rule 41(b) dismissal and the denial of Mr. Klayman's *pro hac vice* application.

## II.

We review a district court's dismissal of an action for failure to prosecute under Rule 41(b) for abuse of discretion.[2] However, in cases where the dismissal is with prejudice, "our examination is searching."[3] A "Rule 41(b) dismissal[] with prejudice will be affirmed only on a showing of [1] a clear record of delay or contumacious conduct by the plaintiff" and "[2] where lesser sanctions would not serve the best interests of justice."[4] In addition to these two factors, we additionally consider whether certain "aggravating factors" are present, including "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the

---

[1] Defense counsel also failed to appear at the March 8, 2023 hearing.

[2] *Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021).

[3] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

[4] *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (internal quotation marks and citations omitted).

No. 23-40422

delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct."[5]

As to the first requisite factor, there was a clear record of delay in this case. "This Court has recognized that delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity."[6] We have additionally recognized that "[a] delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process."[7]

Here, Plaintiffs waited until four days before the statute of limitations ran on their claims to file suit on November 21, 2018,[8] and then waited until after a March 2022 status conference before even beginning the process of effectuating service on Defendants.[9] Thus, Defendants emphasize that "[t]his case languished on the docket [for] almost four years before

---

[5] *Id.* at 418 (internal quotation marks and citation omitted).

[6] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (internal quotation marks and citation omitted).

[7] *Sealed Appellant*, 452 F.3d at 419–20 (quoting *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. Unit A May 1981)).

[8] Plaintiffs' complaint asserts claims under Texas law for events they allege occurred on November 25, 2016. Thus, under Texas's two-year statute of limitations, the statute of limitations expired on November 25, 2018. TEX. CIV. PRAC. & REM. CODE § 16.003(a).

[9] *See contra Lucero v. Wheels India, Ltd.*, No. 23-10494, 2023 WL 8622293, at *3–4 (5th Cir. Dec. 13, 2023) (per curiam) (unpublished) (holding the district court abused its discretion in dismissing a complaint in which service had not been effectuated under the Hague Service Convention after a period of twenty-two months because plaintiffs twice tried to effectuate service and initially "dispatched their service packet within a month of the case's removal to federal court").

Defendants received a copy of the Complaint."[10]   We have previously affirmed Rule 41(b) dismissals with prejudice for far shorter periods of delay in cases, like this one, where the limitations period expired during the delay in serving process.[11] Moreover, during the four-year delay in this case, there were "significant periods of total inactivity," such as from October 10, 2019 to May 10, 2021, where the district court noted "there was zero docket activity of any kind."

On appeal, Plaintiffs argue that any delay or perceived contumacious conduct was the result of the district court's improper denial of Mr. Klayman's *pro hac vice* application, which left Plaintiffs "to proceed *pro se* and with the arduous task of effectuating service of process on a foreign government." But both the record and the district court's reasons for dismissal contradict Plaintiffs' assertion. Specifically, the delay and contumacious conduct cited by the district court mainly involves Plaintiffs' actions (or inaction) after retaining alternative counsel, such as their failure to: (1) attend four status conferences or hearings, (2) timely file an opposition to Defendants' motion to dismiss, and (3) timely file motions for extensions of time to effectuate service. Thus, Plaintiffs' efforts to blame their various delays and failure to comply with court orders on their *pro se* status are unavailing. As a result, the clear record of delay in this case supports the district court's dismissal under Rule 41(b).

––––––––––––––––––––––––

[10] At the December 13, 2022 hearing, Defendants stated they had not been served with process yet in this case. At a hearing a few months later, on March 15, 2023, counsel for Defendants informed the court that they had "recently received a copy of the petition," which is why counsel was "specifically appearing."

[11] *See Sealed Appellant*, 452 F.3d at 419 n.7 (collecting cases and noting that "[o]ther courts . . . have affirmed dismissals with prejudice for failure to serve process where limitations has run, even where the delay was as short as four moths").

No. 23-40422

As for the second requisite factor, the record supports the conclusion that lesser sanctions would not have served the best interests of justice. "When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice."[12]  Such lesser sanctions include, for example, conditional dismissals, dismissals without prejudice, and explicit warnings by the district court.[13]  Furthermore, "[p]roviding plaintiff with a second or third chance is *itself* a lenient sanction, which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice."[14]

The district court here gave Plaintiffs numerous second chances and warnings, all of which proved futile.  For example, after dismissing this case for failure to prosecute the first time, the court granted Plaintiffs' motion for reconsideration and reinstated the case.  But this prior dismissal did nothing to change Plaintiffs' behavior given that after their case was reinstated, Plaintiffs failed to appear at two status conferences and missed the deadline to file their opposition to Defendants' motion to dismiss.  After Plaintiffs missed the second conference, the court provided another warning, explicitly stating on the record that unless Plaintiffs filed "a motion within 14 days . . . indicating that they're asking for a hearing date . . . where they will be present, the Court is going to dismiss this case for want of prosecution."  In light of the above, "it is unclear what lesser sanctions could have been appropriate following the district court's warnings and second chances."[15]  Thus, because a lesser sanction would not better serve the interests of justice, the second factor also supports dismissal here.

---

[12] *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984).

[13] *In re Taxotere (Docetaxel) Prods. Liab. Lit.*, 966 F.3d 351, 360 (5th Cir. 2020).

[14] *Id.* (internal quotation marks and citation omitted).

[15] *Id.* (internal quotation marks and citation omitted).

In addition to the two requisite factors discussed above, we have generally only affirmed dismissals with prejudice when "at least one of the aggravating factors" is also present.[16] In this case, the district court held that Plaintiffs' "clear record of delay—more than four years since the filing of this lawsuit, and more than six years after the alleged incident is claimed to have occurred—has undeniably resulted in great prejudice to the Defendants." We agree.

This Court has previously acknowledged "that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations."[17] In addition, "if the statute [of limitations] has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim."[18] Plaintiffs here waited until right before the statute of limitations expired to file their case and then delayed serving Defendants for several years after the statute of limitations expired. In light of this delay, Defendants assert that reinstating Plaintiffs' "fact-intensive" claims would be extremely prejudicial because Plaintiffs deprived them "of any chance to conduct a meaningful investigation into the incident by not providing them with notice of the claims until almost six years after the shooting allegedly occurred." Plaintiffs' brief on appeal does not dispute this prejudice.

After conducting an independent review of the record, we conclude that both requisite factors for dismissal with prejudice are present here, as well as at least one aggravating factor. The district court therefore did not

---

[16] *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

[17] *Sealed Appellant*, 452 F.3d at 418.

[18] *Id.*

abuse its discretion in dismissing Plaintiffs' complaint with prejudice for failure to prosecute.[19]  AFFIRMED.

---

[19] We additionally find meritless Plaintiffs' separate argument that the district court abused its discretion in denying Mr. Klayman's motion to appear *pro hac vice*. As noted above, the district court did not primarily base its Rule 41(b) dismissal on Plaintiffs' conduct during the time they proceeded as *pro se* litigants. More crucially, Plaintiffs' brief on appeal fails to identify why the district court abused its discretion in denying Mr. Klayman's motion. The district court held a hearing on Mr. Klayman's *pro hac vice* motion, and in a minute entry following the hearing stated that "[a]fter some discussion" the motion was denied "as stated on the record." Because Plaintiffs did not provide a transcript of the hearing, we do not know what reasons the district court gave when ruling on the motion. Regardless, Plaintiffs do not offer any evidence to suggest the district court abused its discretion, and instead inaptly compare their case to a *criminal* defendant's right to counsel under the Sixth Amendment. Given Plaintiffs' failure to identify any error in the district court's reasoning, coupled with the fact that "[c]ourts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do," we find no abuse of discretion in the district court's denial of Mr. Klayman's application. *United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006).