# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2025

Lyle W. Cayce
Clerk

No. 23-30684
Summary Calendar

———————————

IN RE TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY
LITIGATION

_____

MARTINE REEDER,

*Plaintiff—Appellant*,

*versus*

HOSPIRA, INCORPORATED; HOSPIRA WORLDWIDE, L.L.C.,
*formerly known as* HOSPIRA WORLDWIDE, INC.; PFIZER,
INCORPORATED,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:16-MD-2740, 2:19-CV-13981

———————————————————————

Before JONES, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30684

Plaintiff-Appellant Martine Reeder appeals the district court's dismissal of her lawsuit with prejudice against Defendants-Appellees Hospira, Inc., Hospira Worldwide, LLC, and Pfizer Inc. (collectively "Hospira") for failure to prosecute. We AFFIRM.

I

In 2017, Reeder sued Hospira in a New Jersey state court alleging that a chemotherapy drug it manufactured and distributed caused her permanent hair loss. Hospira quickly removed Reeder's suit to federal court, and the notice of removal emphasized that Reeder had not yet served Hospira.[1] Reeder's case was later transferred to this multidistrict litigation in the Eastern District of Louisiana. However, Reeder had not served Hospira.

Still, the district court provided multiple extensions for Reeder to effectuate service. For example, an early case management order granted Reeder an additional ninety days to serve Hospira. Reeder declined to do so. In 2022, the district court again extended the service deadline and issued Case Management Order No. 35 (CMO No. 35), which set a final deadline of August 31, 2022, to effect service. The order explicitly warned that failure to serve by this date would result in dismissal with prejudice. Reeder did not meet this deadline either.

On October 3, 2022, Hospira moved to dismiss Reeder's suit with prejudice. Six days later, Reeder finally served her complaint. All told, Reeder took nearly five years from the date she filed her lawsuit to serve process. Accordingly, the district court granted Hospira's motion after

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant "within 90 days after the complaint is filed."

finding a clear record of delay and contumacious conduct. This timely appeal followed.

## II

We review a district court's dismissal of an action for failure to prosecute under Rule 41(b) for abuse of discretion. *Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021). However, in cases where the dismissal is with prejudice, "our examination is searching." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016). A "Rule 41(b) dismissal[] with prejudice will be affirmed only on a showing of [1] a clear record of delay or contumacious conduct by the plaintiff" and "[2] where lesser sanctions would not serve the best interests of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (internal quotation marks and citations omitted). We also consider whether certain "aggravating factors" are present, including "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418 (internal quotation marks and citation omitted).

First, there was a clear record of delay in this case.[2] "This Court has recognized that delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (internal quotation marks and citation omitted). We have especially recognized that "[a] delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time

―――――――――――――――――――

[2] We therefore do not reach the district court's alternative finding of contumacious conduct.

occurring after service of process." *Sealed Appellant*, 452 F.3d at 419–20 (quoting *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. Unit A May 1981)). Here, Reeder took nearly five years to effectuate service of process—even in the face of a series of gracious extensions and warnings by the district court, including CMO No. 35. We have previously affirmed Rule 41(b) dismissals with prejudice for far shorter periods of delay. *See Sealed Appellant*, 452 F.3d at 419 n.7 (collecting cases and noting that "[o]ther courts . . . have affirmed dismissals with prejudice for failure to serve process where limitations has run, even where the delay was as short as four months").

Second, the record supports the conclusion that lesser sanctions would not have served the best interests of justice. "When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice." *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984). Such lesser sanctions include, for example, conditional dismissals, dismissals without prejudice, and explicit warnings by the district court. *In re Taxotere (Docetaxel) Prods. Liab. Lit.*, 966 F.3d 351, 360 (5th Cir. 2020). Furthermore, "[p]roviding plaintiff with a second or third chance is *itself* a lenient sanction, which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice." *Id.* (internal quotation marks and citation omitted). The district court here gave Reeder multiple extensions and warnings, but Reeder continually failed to serve process. "[I]t is unclear what lesser sanctions could have been appropriate following the district court's warnings and second chances." *Id.* (internal quotation marks and citation omitted). The second factor thus supports dismissal here.

In addition to the two requisite elements discussed above, we have generally only affirmed dismissals with prejudice when "at least one of the aggravating factors" is also present. *Rogers v. Kroger Co.*, 669 F.2d 317, 320

(5th Cir. 1982). The district court ruled that dismissal with prejudice "as opposed to some lesser sanction . . . [wa]s warranted due to the prejudice to the defendant[s] resulting from the failure to serve process within the statute of limitations period," which is an aggravating factor supporting a dismissal with prejudice. Specifically, we have previously acknowledged "that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations." *Sealed Appellant*, 452 F.3d at 418. "[I]f the statute [of limitations] has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim." *Id.* Hospira invokes this precept and argues it applies here because Reeder delayed service for several years after the statute of limitations expired. Reeder's brief on appeal does not dispute this prejudice.

To sum it up, both requisite factors for dismissal with prejudice are present here, as well as at least one aggravating factor. The district court therefore did not abuse its discretion in dismissing Reeder's complaint with prejudice for failure to prosecute. AFFIRMED.