# United States Court of Appeals for the Fifth Circuit

————————

No. 25-30384
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2026

Lyle W. Cayce
Clerk

Joseph Eurings,

*Plaintiff—Appellant*,

*versus*

Jacob Tucker, *Officer*; Lishunda Franklin, Pharmacist,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-2232

————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

*Pro se* litigant Joseph Eurings appeals the dismissal of his 42 U.S.C. § 1983 suit against multiple defendants, including Officer Jacob Tucker and pharmacist Lishunda Franklin, following an alleged hit-and-run accident that resulted in multiple serious injuries to Eurings. For the following reasons, we

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30384

AFFIRM IN PART and REVERSE IN PART the district court's judgment.

## I.

On July 19, 2022, *pro se* litigant Eurings brought suit against multiple defendants, including Tucker, Franklin, and another police officer, alleging that on July 20, 2021, he was struck by a vehicle while riding his motorized bike and suffered multiple, serious injuries. Eurings claims that, in the aftermath of the accident, the defendants violated his constitutional rights; specifically, the police officers filed a false police report of the incident. All defendants, except Tucker who had not been served, filed motions to dismiss. In his response brief, Eurings requested appointment of an attorney. The district court referred the request to the magistrate judge, and the magistrate judge ultimately denied it. The district court then granted all motions to dismiss and ordered Eurings to file an amended complaint.

Eurings filed his amended complaint on January 11, 2023, alleging *inter alia* that Franklin withheld footage captured by the security cameras of her pharmacy that showed the alleged hit-and-run, and that Tucker fabricated his police report. All defendants except Franklin and Tucker (who had still not been served) filed a motion to dismiss; the district court granted the motion and dismissed the claims against those defendants with prejudice. Four months later, Eurings filed a motion to compel Franklin to produce the surveillance footage, which the district court referred to the magistrate judge and the magistrate judge denied as premature.

The case then sat dormant from September 15, 2023, until January 8, 2025,[1] when the district court ordered Eurings to show cause why the case

---

[1] To be fair, on April 12, 2024, the court entered an order transferring the case from one magistrate judge to another.

should not be dismissed given that Tucker had not been served, and Franklin had not responded to the amended complaint. The order to show cause directed Eurings to "file proof of service, obtain responsive pleadings, and/or show cause, in writing, as to why this matter should not be dismissed" by February 7, 2025. It cautioned him that "[f]ailure to comply . . . w[ould] result in dismissal of" the case. Eurings did not respond until March 12—over a month past the deadline. The response, though mostly a reiteration of Eurings's grievances, contained a motion for default judgment.

The district court determined the response did not satisfy the show cause order, did not rule on the motion for default judgment, and dismissed the case without prejudice for failure to prosecute pursuant to Local Rule 41.3. Eurings appealed.

## II.

When Eurings's brief is read "liberally," as we must for a *pro se* litigant, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), it appears that that the issues before us are whether the district court committed reversible error by: (1) denying his motion to compel, (2) denying his request for counsel, (3) denying default judgment, and (4) dismissing his claims against Franklin and Tucker.[2]

---

[2] Eurings also argues that the magistrate judge and district judge engaged in judicial misconduct by depriving him of his constitutionally protected rights, overstepping the bounds of the United States Constitution, engaging in deceptive practices, and using "unjust tactics that arose to the level of Judicial Misconduct and Spoliation." However, these arguments are not properly before us and therefore will not be considered. *See* 28 U.S.C. § 351(a) (providing procedure to assert judicial misconduct complaint with clerk of court); *Hall v. Experian Info. Sols. Inc.*, No. 25-20068, 2025 WL 3175972, at *2 n.3 (5th Cir. Nov. 13, 2025) (per curiam) ("[Appellant's] arguments on appeal concerning judicial misconduct are not properly before us.").

No. 25-30384

## A.

We review denials of motions to compel and denials of appointment of counsel for abuse of discretion. *See Angus Chem. Co. v. Glendora Plantation, Inc.*, 782 F.3d 175, 179 (5th Cir. 2015) ("A district court's discovery ruling is reviewed for abuse of discretion."); *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) ("We review a district court's decision not to appoint counsel for abuse of discretion."). "An abuse of discretion occurs where the ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002) (citation modified).

We find no abuse of discretion for either denial. Regarding the motion to compel, the district court explained that Eurings had not adhered to the Federal Rules of Civil Procedure prior to filing his motion; therefore, it was premature, and denial was appropriate. *See Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (per curiam). As to the request for appointment of counsel, the district court explained that the case does not present the requisite exceptional circumstances to merit appointment of counsel in a civil case. *See Norton*, 122 F.3d at 293. Neither of the district court's denials was based on an erroneous view of the law or an erroneous assessment of the evidence; therefore, the district court did not abuse its discretion in these denials.

## B.

The district court dismissed Eurings's claims against Tucker without prejudice because Eurings did not comply with the show cause order: he provided neither proof of service nor a satisfactory explanation as to why. We review dismissals without prejudice for abuse of discretion. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) ("[W]e review a dismissal for failure to prosecute for abuse of discretion.").

4

No. 25-30384

On appeal, Eurings contends that he paid the New Orleans Sheriff's Department to serve the defendants and therefore "if any of the defendants have not been served it is to no fault of [Eurings]."[3] However, that argument is unavailing in the face of the show cause order because a receipt of payment for service does not meet either of the show cause directives. *See* FED. R. CIV. P. 4(l)(1) ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). Moreover, Eurings does not provide any caselaw supporting his assertion that paying for service absolves him of his duty to serve the defendants.

Though the dismissal was without prejudice, we acknowledge that the statute of limitations ran in July 2023;[4] therefore, any re-filing would be time-barred, and we treat the dismissal as one *with* prejudice. *See Campbell*, 988 F.3d at 801 n.1. "In this situation, dismissal is typically 'appropriate only where there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice.'" *Pennie v. Giorgi for Dallas Morning News*, 841 F. App'x 655, 657 (5th Cir. 2021) (quoting *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018)). Additionally, though not required,[5] we sometimes look to "'aggravating factors' that include 'the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for

---

[3] Eurings also made this argument before the district court, but the district court similarly rejected it.

[4] Eurings brought a § 1983 claim for personal injury in the state of Texas; therefore, his claim was subject to a two-year statute of limitations. *See, e.g.*, *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)) (holding that, in Texas, a two-year statute of limitations applies for § 1983 claims).

[5] We note that an aggravating factor does not need to be present; "the presence of requisite factors 'can alone justify dismissal.'" *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)).

the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.'" *Id.* (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006)).

*First*, there was over a year of inactivity by Eurings following an order from the court informing him that his motion to compel and his motion to amend were denied. To warrant dismissal, "delay must be characterized by 'significant periods of total inactivity.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)). While there is no bright-line rule on the requisite period of inactivity, we have held that eight months of inactivity could constitute delay justifying dismissal with prejudice. *Louisiana v. Sparks*, 978 F.2d 226, 233 (5th Cir. 1992). Here, Eurings was aware (or should have been aware) that Tucker had not been served, yet he did nothing to further his case for over a year. Ultimately, it is Eurings who "bears a duty to protect his own legal interests," and by sitting inactive for over a year, Eurings failed in that duty. *See Willis v. Honeywell, Inc.*, 62 F. App'x 557, 557 (5th Cir. 2003) (per curiam); *see also Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. 1981) ("We underscore the necessity for reasonable and diligent pursuit of all cases and claims initiated, and we emphasize our concern that undue delay is to be avoided."). Thus, the first prong is met.

*Second*, the record demonstrates that lesser sanctions would not have served the best interests of justice. "Such lesser sanctions include, for example, conditional dismissals, dismissals without prejudice, and explicit warnings by the district court." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 23-30684, 2025 WL 655796, at *2 (5th Cir. Feb. 28, 2025) (citing *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 360 (5th Cir. 2020)). Additionally, "'[p]roviding plaintiff with a second or third chance' is *itself* 'a lenient sanction, which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice.'" *In re*

*Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d at 360 (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (per curiam)). Here, the district court gave Eurings a chance to amend his complaint after granting defendants' motions to dismiss and explicitly warned him that failure to comply with the show cause order would result in dismissal. Thus, the district court gave both a second chance and a warning, and the second factor supports dismissal here.

As to the aggravating factors, there was some prejudice to Tucker. The statute of limitations ran just prior to the period of inactivity, and Tucker remained unserved. We have previously acknowledged "that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations." *Sealed Appellant*, 452 F.3d at 418. "[I]f the statute [of limitations] has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim." *Id.* Thus, the lack of service, combined with the lapse of the limitations period, resulted in prejudice to Tucker.

Accordingly, both the requisite factors as well as one aggravating factor support dismissal of the claims against Tucker with prejudice, and the district court therefore did not abuse its discretion.

## C.

But for the dismissal of claims against Frankin, we do find error. The district court ordered Eurings to "obtain responsive pleadings" from Franklin or show cause why the matter should not be dismissed. Eurings filed a response that contained a motion for default judgment. The district judge nonetheless dismissed Eurings's claims against Franklin for failure to prosecute because he had not obtained a responsive pleading. But it is not the job of the plaintiff to obtain a responsive pleading, despite this being a not-uncommon order for the Eastern District of Louisiana to give. *See, e.g.*, *Brown*

No. 25-30384

*v. Tokpah*, No. CV 21-1844, 2025 WL 2481227 (E.D. La. Aug. 28, 2025). Thus, because it was not an appropriate order, Eurings cannot be faulted for not abiding by it. Additionally, Eurings, a *pro se* litigant, attempted to follow the proper procedure in the face of an unresponsive defendant when he filed a motion for default judgment—a motion the district court did not rule on. Thus, in this circumstance, the district court abused its discretion by dismissing Eurings's claims against Franklin.

### III.

In sum, the district court did not abuse its discretion by not compelling Franklin to produce the security camera footage or denying Eurings's request for counsel. Further, the district court did not abuse its discretion when it dismissed Tucker, an unserved defendant, for failure to prosecute. But the district court did abuse its discretion when it dismissed Franklin. Therefore, we AFFIRM the district court's dismissal of Tucker and denials of Eurings's motions and REVERSE the dismissal of Franklin.